UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
In the matter of the application of
**CHARLES RAMPINO**
for a WRIT OF HABEAS CORPUS

04 12033 PBS

PETITION FOR WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY
28 U.S.C. §2241

RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED N/A
LOCAL RULE 4.1____
WAIVER FORM____
MCF ISSUED____
BY DPTY. CLK. FCM
DATE Charles 9/21/04

MAGISTRATE JUDGE ____

Pursuant to 28 U.S.C. §2241, Charles Rampino hereby petitions this court for issuance of a writ of habeas corpus, in support of this petition, Charles Rampino states that the Massachusetts Department of Corrections has erroneously computed his release date, and that under the applicable Massachusetts Statutes that govern the calculation of the Petitioner's term of imprisonment, that his lawfully imposed term of imprisonment, has lawfully expired, and due to such lawful expiration, he is being detained in an unconstitutional manner, the Petitioner further states that:

1. He is imprisoned and restrained of his liberty at the Old Colony Correctional Center, One Administration Road, Bridgewater, Massachusetts 02324.

2. The person by whom he is so imprisoned and restrained is, Bernard Brady, Superintendent.

3. The cause and pretense of the imprisonment and restraint of the Petitioner, according to his best knowledge and belief, is a 5-10 year state prison term, and a 7-12 year state prison term, both imposed to run concurrently with eachother, the effective date of both terms of imprisonment is November 30, 1994, the Petitioner's maximum date of imprisonment is November 29, 2006, (Nov. 30, 1994 + 12 years).

4. The Statutes that govern the calculation & deductions from a term of imprisonment in the Commonwealth of Massachusetts are titled "Permits To Be At Liberty And Discharge" and are: M.G.L.c.127 §§ 129, 129C and 129D.

5. Under M.G.L. c.127 §§ 129, 129C & 129D, the explicit mandatory language set forth in their provisions, clearly mandates that the terms of their statutes be applied EQUALLY to both concurrent and consecutive sentences.

6. Under M.G.L. c.127 §§ 129, 129C & 129D, the explicit mandatory language set forth in their provisions, clearly mandates that any deductions issued under their terms, be applied equally to concurrent and consecutive terms of imprisonment.

7. Under M.G.L. c.127 §§ 129, 129C & 129D, the explicitly clear mandatory language mandates that any deductions that are issued under their terms, be deducted from the Petitioner's maximum term of imprisonment.

8. Under M.G.L. c.127 §§ 129, 129C & 129D, the explicitly clear mandatory language mandates that when multiple sentences are involved, the sentences be aggregated to determine the maximum term of imprisonment.

9. Under M.G.L. c.127 §§ 129C & 129D, the explicitly clear mandatory language mandates that any deductions that were issued under their terms, be 'added' to any and all deductions that the Petitioner was issued under the provisions of M.G.L. c.127 § 129, and that these combined deductions be deducted from the Petitioner's aggregated maximum term of imprisonment.

10. Under M.G.L. c.127 §§ 129, 129C & 129D, the explicitly clear mandatory language mandates that the Petitioner be issued a Certificate of Discharge and released, on the date determined after any and all Good Conduct Deductions that were issued under their terms have been deducted from the Petitioner's aggregated maximum term of imprisonment.

11. The explicitly clear mandatory language that is set forth in the laws that govern the calculations and deductions from sentences; M.G.L.c.127 §§ 129, 129C & 129D, clearly mandates actions based upon substantive predicates, and due to such statutory language, a Liberty interest has been created by the state.

12. The United States Supreme Court has firmly held, that when a State statute mandates actions based upon substantive predicates, a 'State-Liberty' interest is created and that this liberty interest becomes sufficiently embraced within the Fourteenth Amendment due process clause and cannot be arbitrarily revoked without due process of law. See Wolff v. McDonnell, 418 US 539, (1974); Meachum v. Fano, 427 US 215, (1976); Hewitt v. helms, 459 US 460, (1983); Olim v. Wakinekona, 461 US 238, (1983); Greenholtz v. Nebraska Penal Inmates, 442 US 1, (1979); Sandin v. Connor, 515 US 472, (1995); Kentucky Department of Corrections v. Thompson, 490 US 454, (1984).

13. As a matter of law and right, the Petitioner was awarded **1500** days of Good Conduct deductions under M.G.L.c.127 § 129, for his faithfully observing all the rules of his place of confinement.

14. As a matter of law and right, the Petitioner is entitled to **30** days of Good Conduct Deductions under M.G.L. c.127 §129C, for his satisfactory conduct while confined in a Prison Camp.

15. As a matter of law and right, the Petitioner is entitled to **212** days of Good Conduct Deductions under M.G.L. c.127 §129D, for his satisfactory completion of Educational and Work Programs.

16. As a matter of law and right, the Petitioner is entitled to a combined total of **1742** days of Good Conduct Deductions under G.L. c.127 §§ 129,129C, and 129D.

17. After the **1742** days of Good Conduct Deductions that the Petitioner is entitled to under the law, are deducted, as mandated by the law, from the aggregated maximum term that the Petitioner may be held under his sentences, one arrives at a discharge date of **February 21, 2002**.

18. As a matter of law and right, the Petitioner's lawfully imposed term of imprisonment, has lawfully expired, and due to such expiration, the Petitioner has served his term in full and is now being held against his will and in violation of his Constitutional Rights.

19. As a matter of law and right, the Petitioner should of been issued a Certificate of Discharge and released on **February 21, 2002**.

20. The Petitioner pled guilty under M.G.L. c. 265 §15A; (Assault & Battery D/W Statute). The Petitioner also pled guilty under M.G.L. c. 265 §19; (UnArmed Robbery Statute).

21. The unambiguous explicit mandatory language that is setforth in the Statutes that the Petitioner pled guilty under: M.G.L.c.265 §§ 15A & 19, do not prohibit, but mandate, that any and all Good Conduct Deductions that the Petitioner is entitled to, be applied to any sentence imposed under their terms.

22. As a matter of law and right, the Petitioner is entitled to have any and all deductions that he was awarded under M.G.L. c.127 §§ 129, 129C & 129D, applied to any sentence he received under G.L.c.265 §§ 15A & 19.

23. The Petitioner was sentenced under G.L.c. 279 §24; (Indeterminate Sentencing Statute), this statute does not prohibit the application of any of the Good Conduct Deductions that the Petitioner is entitled to, from being applied to any term of imprisonment imposed under its provisions.

24. As a matter of law and right, the Petitioner is entitled to have any and all deductions that he was awarded under M.G.L. c.127 §§ 129, 129C & 129D, applied to the maximum term of imprisonment, on the sentences he received under G.L.c.279 §24.

25. Statute 1993, c.432, "Truth-in Sentencing Act", does not explicitly prohibit the application of any Good Conduct Deductions, that the Petitioner was awarded, as a matter of law and right, [before] the Acts enactment date, from being applied to a sentence imposed for an offense committed [after] the Acts enactment date.

26. The "Truth-in-Sentencing Act"; St.1993,c.432, did not in any way, shape, or form, amend or repeal any of the explicit mandatory language that is set forth in M.G.L.c.127 §§129C & 129D.

27. The "Truth-in-Sentencing Act"; St.1993,c.432, did not in any way, shape, or form, amend or repeal any of the statutory language set forth in the laws that govern the Petitioners sentencing(G.L.c.265 §§15A,19).

28. The "Truth-in-Sentencing Act"; St.1993,c.432,cannot be applied to a term of imprisonment, imposed for an offense that was committed before its enactment date, if in doing so, becomes a disadvantage to the way the Petitioner's sentences are calculated, to do so, would subject the Petitioner to a law ex post facto.

29. Section 21 of the "Truth-in-Sentencing Act" provides a savings clause, wich provides in relevant part: "...the law in effect at the time an offense is committed shall govern sentencing for said offense.".

30. The relevant portion of the above savings clause, specifically applies to sections 14,15,17,18,19 & 20, of the "Truth-in-Sentencing Act", all of which had something to do with 'sentencing'.

31. Section 10 of the "Truth-in-Sentencing Act" repealed M.G.L.c. 127 §129, of which had nothing to do with 'sentencing' and said statute is not even penal in nature, due to the fact that it does not provide for punishment for an act of wrong doing, see Blacks Law Dictionary for the definition of sentencing, sentence, punishment.

32. The "Truth-in-Sentencing Act"; St.1993,c.432, cannot govern the Petitioner's sentencing, due to the fact that this statute is not even penal in nature, nor does it provide for punishment for an act of wrong doing, see Blacks Law Dictionary for the definition of <u>sentencing</u>, <u>sentence</u>, <u>punishment</u>.

33. The Massachusetts Supreme Courts decision in this matter; <u>Rampino v Department of Corrections SJC-09129</u>, is so inconsistent with the statutes language and history;(G.L.c.127 §§129,129C,129D), that the state court decision itself [comprises] a wholly arbitrary and irrational action in violation of due process.

34. The Massachusetts Supreme Courts decision in this matter; <u>Rampino V. Department of Corrections SJC-09129</u>, runs afoul of the principals and reasoning of law, that is set forth in the United States Supreme Court Cases cited above in paragraph 12, that controls how a State Statute is to be interpreted when a State-Created Liberty Interest is involved.

35. The Respondent's interpretation of the statutes that govern Good Conduct Deductions and the calculation of terms of imprisonment; G.L.c.127 §§ 129,129C & 129D, runs afoul of the principals and reasoning of law, that is set forth in the United States Supreme Court cases that are cited in paragraph 12 above, that controls how a State Statute is to be interpreted when a State-Created Liberty Interest is involved.

36. The Petitioner contends that he is being held unlawfully in violation of his Federal Constitutional rights, on the following grounds:

A. The Respondent's refusal to acknowledge and comply with the statutory mandate set forth in M.G.L.c.127 §129, that requires the Respondent to deduct any credits issued to the Petitioner under its provisions from the Petitioner's maximum term of imprisonment, has violated the Petitioner's right to DUE PROCESS OF LAW.

B. The Respondent's refusual to acknowledge and comply with the statutory mandate set forth in M.G.L.c.127 §129, that requires the Respondent to aggregate the Petitioner's sentences, to determine the maximum term of imprisonment that the Petitioner may be held under his sentences, has violated the Petitioner's right to DUE PROCESS OF LAW.

C. The Respondent's refusual to acknowledge and comply with the statutory mandate set forth in M.G.L.c.127 §129, that requires the Respondent to issue the Petitioner a Certificate of Discharge and release the Petitioner, on the date that is determined by such deductions issued under its terms from being deducted from the maximum term that the petitioner may be held under his sentences, has violated the Petitioner's right to DUE PROCESS OF LAW.

D. The Respondent's refusual to acknowledge and comply with the statutory mandate set forth in M.G.L.c.127 §129C, that requires the Respondent to 'add' any deductions that the Petitioner was issued under its terms, to any deductions that the Petitioner was issued under §129, has violated the Petitioner's right to DUE PROCESS OF LAW.

(8)

E.  The Respondent's refusal to acknowledge and comply with the statutory mandate set forth in M.G.L.c.127 §129C, that requires the Petitioner's sentences be aggregated to determine the maximum term of imprisonment that the Petitioner may be held under his sentences, violates the Petitioner's right to DUE PROCESS OF LAW.

F.  The Respondent's refusual to acknowledge and comply with the statutory mandate set forth in M.G.L.c.127 §129C, that requires the petitioner be issued a Certificate of Discharge, on the date determined by such deductions that were issued under §129 & 129C being deducted from the Petitioner's aggregate maximum term of imprisonment that he may be held under his sentences, violates the Petitioner's right to DUE PROCESS OF LAW.

G.  The Respondent's refusual to acknowledge and comply with the statutory mandate set forth in M.G.L.c.127 §129D, that requires that any deductions issued under its terms, be 'added' to any the Petitioner is entitled to under the provisions of M.G.L.c. 127 §§ 129 & 129C, violates the Petitioner's right to DUE PROCESS OF LAW.

H.  The Respondent's refusual to acknowledge and comply with the statutory mandate set forth in M.G.L.c.127 §129D, that requires that the Petitioner's sentences be aggregated to determine the maximum term of imprisonment that the Petitioner may be held under his sentences, violates the Petitioner's right to DUE PROCESS OF LAW.

I. The Respondent's refusual to acknowledge and comply with the statutory mandate set forth in M.G.L.c.127 §129D, that requires the Respondent to issue the Petitioner a Certificate of Discharge and release him on the date that is determined after deducting all deductions that were issued under its terms and the terms of M.G.L.c.127 §§129, and 129C, from the Petitioner's aggregated maximum date of imprisonment, that the Petitioner may be held under his sentences, violates the Petitioner's right to DUE PROCESS OF LAW.

J. The Respondent's refusual to acknowledge and comply with the statutory mandate set forth in M.G.L.c. 127 §§129, 129C & 129D, that requires the Respondent to apply the terms of said statutes EQUALLY to both Concurrent & Consecutive terms of imprisonment, violates the Petitioner's right to EQUALL PROTECTION OF THE LAW.

K. The Respondent's refusual to acknowledge and comply with the statutory mandate set forth in M.G.L.c.127 §§129, 129C, & 129D, that requires the Respondent to aggregate both Concurrent and Consecutive sentences to determine the maximum term that the Petitioner may be held under his sentences, violates the Petitioner's right to the EQUALL PROTECTION OF THE LAW.

L. The Respondent's refusal to acknowledge and comply with the statutory mandate set forth in M.G.L.c. 127 §§ 129, 129C, & 129D, that requires the Respondent to deduct any and all deductions issued under their terms from the Petitioner's aggregate maximum term, violates the Petitioner's right to the EQUALL PROTECTION OF THE LAW.

(10)

M. The Respondent's refusal to acknowledge and comply with the statutory mandate set forth in M.G.L.c.127 §§129,129C & 129D, that requires the Respondent to issue Petitioner a Certificate of Discharge and release the Petitioner, on the date determined after such deductions that were issued under their terms are deducted from the Petitioner's aggregated maximum term that he may be held under all his sentences, violates the Petitioner's right to the EQUALL PROTECTION OF THE LAW.

N. The Respondent's refusal to acknowledge and comply with the statutory mandate set forth in M.G.L.c.265 §§ 15A & 19, that requires the Respondent to deduct any any all credits that the Petitioner was issued under G.L.c.127 §§129,129C, & 129D, from any sentence imposed under their terms, has violated the Petitioner's right to DUE PROCESS OF LAW.

O. The Respondent's refusal to acknowledge and comply with the statutory language set forth in M.G.L.c.279 §24, that does not prohibit the application of GOOD CONDUCT CREDITS that the Petitioner was issued, from being applied to any sentence issued under its terms, violates the Petitioner's right to DUE PROCESS OF LAW.

P. The Respondent's application of St.1993,c.432, to the Petitioner's sentence structure, is subjecting the Petitioner to a LAW EX POST FACTO.

Q. The Respondent's refusual to acknowledge and comply with the principals and reasoning of law, that is set forth in the United States Supreme Court cases cited in Paragraph 12 above, violates the Petitioner's right to DUE PROCESS OF LAW.

R. The Respondent's refusual to acknowledge and comply with the statutory mandates set forth in M.G.L.c. 127 §§ 129,129C, 129D, that requires the Respondent to issue the Petitioner a Certificate of Discharge and release the Petitioner on the date determined after such deductions that were issued under their terms are deducted from the Petitioner's aggregated maximum term that he may be held under all his prison sentences, amounts to a violation of the Petitioner's Fifth Amendment Guarantee against double jeopardy.

S. The Massachusetts Supreme Courts decision in this matter; Rampino v. Department of Corrections SJC-09129, is so inconsistent with the language in the statutes that are at issue; G.L.c. 127 §§ 129,129C,129D, G.L.c. 265 §§ 15A,19, that the State Court decision itself [comprises] a wholly arbitrary and irrational action in violation of the Petitioner's right to Due Process and Equal Protection of the law, and violates the Petitioner's right not to be subject to a law ex post facto and Fifth Amendment Guarantee against double jeopardy.

T. The Massachusetts Supreme Courts decision in this matter; Rampino v. Department of Corrections SJC-09129, is so inconsistent with past Massachusetts precedent case law that has interpreted the language in the Statutes at issue in this case; G.L.c. 127 §§ 129,129C,129D, that the State Court decision itself [comprises] a wholly arbitrary and irrational action in violation of the Petitioner's right to Due Process and Equal Protection of the law, and violates the Petitioner's right not to be subject to a law ex post facto and Fifth Amendment Guarantee against double jeopardy.

U. The Massachusetts Supreme Court decision in this matter: Rampino v. Department of Correction SJC-09129, is so contrary to the principles and reasoning of law set forth in the United States Supreme Court cases cited above in Paragraph 12, that the State Courts decision itself [comprises] a wholly arbitrary action in violation of the Petitioner's right to Due Process and Equal Protection of the law, and Fifth Amendment Guarantee against double jeopardy.

**WHEREFORE,** Charles Rampino petitions the Court for the issuance of a writ of habeas corpus to have the petitioner brought before the Court to the end that he may be discharged from his unlawfull and unconstitutional confinement and restraint.

Dated 9-20-2004

*(signature)*
CHARLES RAMPINO PRO SE
OLD COLONY CORR. CENTER
ONE ADMINISTRATION ROAD
BRIDGEWATER, MA. 02324

## VERIFICATION

I Charles Rampino, do hereby state that the above information is true and accurate to the best of my knowledge and belief, signed and sworn to under the pains and penalties of purjury.

Dated 9-20-2004

*(signature)*
CHARLES RAMPINO