UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

In the matter of the application of

**CHARLES RAMPINO**

FOR A WRIT OF HABEAS CORPUS          04    12033 PBS

## PETITIONER'S MEMORANDUM IN SUPPORT OF ISSUANCE
## OF WRIT OF HABEAS CORPUS

Petitioner Charles Rampino ("Petitioner") submits this memorandum in support of is petition for a writ of habeas corpus. As set forth below, Petitioner's petition should be granted because his constitutionally-mandated Fourteenth Amendment rights were violated when the Respondent Bernard Brady ("Respondent") failed to submit to and follow the statutory mandates set forth in M.G.L.c. 127 §§ 129,129C,129D, that required the Respondent to issue to the Petitioner a "Certificate of Discharge" and release the Petitioner on the date that should of been determined [after] the Respondent had deducted any and all credits that the Petitioner was awarded under §§ 129,129C,129D, from the maximum term for which the Petitioner could be held under all his prison sentences.

The Respondent's failure to fulfill his statutory duties set forth in M.G.L.c. 127 §§ 129,129C,129D, has deprived the Petitioner of his constitutionally mandated Fourteenth Amendment right to due process of law and has extended the Petitioner's term of imprisonment beyond that imposed by the sentencing Court without due process of law and due to such arbitrary action on behalf of the Respondent, the petitioner is being detained in an unconstitutional manner in violation of the laws of the United States of America.

INTRODUCTION

The Petitioner's contention, in substance, is that he has a protected liberty interest in having his prison sentences aggregated to determine a 'single maximum termination date' from which any and all Good Conduct Credits he was issued, must be deducted, and further, that he has a protected liberty interest in being disharged from the Respondent's custody, on the date determined after such Credits are deducted from this 'single maximum termination date'.

The Petitioner bases this contention on the explicitly, clear, mandatory language, that is set forth in the former M.G.L.c.127 §129, and the explicitly clear mandatory language that is set forth in the current M.G.L.c. 127 §§ 129C,129D, all of which clearly mandate, that any and all Good Conduct Credits that were issued to the Petitioner, under the terms of their statutes, [must] be deducted from the maximum term that the Petitioner may be held under all his prison sentences.

The Petitioner firmly asserts, that when he was awarded 1742 days of Good Conduct Credits under M.G.L.c. 127 §§129,129C,129D, this award did create a statutory 'right' under said statutes, to have said credits be deducted from the aggregate maximum term that he may be held under all his prison sentences, and said statutes did further create a statutory 'right' to be discharged from the Respondent's custody, on the date that is determined after such credits are deducted from the aggregate maximum term. The Petitioner further asserts, that these statutory rights, clearly implicate a liberty interest afforded to him under the color of State law, and that this 'State-Created' liberty interest is now sufficiently embraced within the Fourteenth Amendment "liberty" clause, and due to such, cannot be arbitrarily revoked without those minimum procedures appropriate under the circumstances and [required] by the Due Process Clause of both the United States and Massachusetts Constitution's, to insure that this State Created 'right' is not arbitrarily abrogated.

2

## STATEMENT OF THE FACTS

Effective November 30, 1994, the Petitioner began serving a 5-10 year sentence for the crime of Assault and Battery by means of a dangerous weapon; (M.G.L.c. 265 §15A). The offense date was 3-24-94.(Exhibit 1 ).

Also effective November 30, 1994, the Petitioner began serving a 7-12 year sentence for the crime of Unarmed Robbery; (M.G.L.c. 265 §19). The offense date was 7-14-94. (Exhibit 2 ).

Both sentences were imposed under the Indeterminate Sentencing Statute; (M.G.L.c. 279 §24) and were imposed to run concurrently under M.G.L.c. 279 §8.

Under the General Provisions of M.G.L.c. 127 §129, the Petitioner was awarded 1500 days of Good Conduct Credits.(Exhibit 3).

Under the General Provisions of M.G.L.c. 127 §129C, the Petitioner was awarded 30 days of Good Conduct Credits.(Exhibit 3A).

Under the General Provisions of M.G.L.c. 127 §129D, the Petitioner was awarded 212 days of Good Conduct Credits.(Exhibit 3A).

Under the General Provisions of M.G.L.c. 127 §§ 129, 129C and 129D, the Petitioner has a statutory right to have all Good time Credits issued thereunder, be deducted from his combined maximum date of imprisonment.

November 29, 2006, is the Petitioner's combined maximum date of imprisonment.(Exhibit 3A).

When the 1742 days of Good Conduct Credits that the Petitioner was issued under M.G.L.c. 127 §§ 129, 129C & 129D, are deducted from his maximum release date of November 29, 2006, one arrives at a revised release date of **February 21, 2002.** (Mathematical Fact).

3

DUE PROCESS REQUIREMENTS

The Due Process Clause applies when government action deprives a person of liberty or property:

> "[T]o determine whether due process requirements apply in the first place, we must look not to the place, we must not look to the 'weight' but to the nature of the interest at stake." Board of Regents v. Roth, 408 US 564, 570-572 (1972).

This has meant to obtain a protecible right:

> "A person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement" Id at 577 Roth supra.

The Massachusetts Statutes that govern Good Conduct deductions and the Calculation of Sentences of imprisonment, clearly mandate that [every] prisoner is entitled to have "the term of his imprisonment reduced by deductions from the maximum term for which he may be held under his sentence or sentences" citing M.G.L.c. 127 §§ 129,129C,129D, said statutes have created a statutory [entitlement]. Clearly, and undeniably, the missapplication or loss of such deductions from the maximum term that a prisoner may be held under his sentence or sentences, without due process of law, clearly affects this State-Created liberty interest that is protected by the due process guarantees of both the United states and Massachusetts Constitution's, to insure that this State-Created right is not arbitrarily abrogated.

State-Created liberty interest arise when a state places "substantive limitations on official discretion" Olim v. Wakinekona, 461 US 238, 249 (1983); Kentucky Department of Corrections v. Thompson,490 US 454,462 (1989). A state substantively limits official discretion "by establishing 'substantive predicates' to govern official decionmaking and, further, by mandating the outcome to be reached upon a finding that the relevant criteria have been met" the state statute or regulation in question must use "explicitly mandatory language" requiring a particular outcome if the articulated substantive predicates are present" Id at 463 Kentucky Department of Corrections supra.

4

STATE-CREATED LIBERTY INTEREST

The Massachusetts Statutes that govern Good Conduct Deductions and
the calculation of prison sentences; M.G.L.c.127 §§129,129C,129D, clearly
mandate, that every prisoner who has not been subjected to misbehavior,
and has conducted himself satisfactory in prison, or while confined in a
prison camp, or has satisfactory completed a work or educational program,
is [entitled] to have "the term of his imprisonment reduced by a deduction
from the maximum term that he may be held under his sentence or sentences"
and is [entitled] to a "certificate of discharge on the date which has been
determined by such deductions from the maximum term of his sentence or
sentences" citing §§129,129C,129D. The explicitly mandatory language that is
set forth in the statutes cited, is undoubtedly mandatory in nature, the
word "shall" is used multiple times, and the statutes clearly mandate actions
based upon substantive predicates, that mandate the outcome to be reached upon
a finding that the relevant criteria has been met, clearly the language in
the cited statutes have created a protectible liberty interest that cannot be
revoked without due process of law.

In Wolff v. McDonnell, 418 U.S. 539 (1974), the Court held that a
state-created right to good time credit for satisfactory behavior, forfeitable
only for serious misbehavior, as here, is a sufficient liberty interest within
the Fourteenth Amendment to entitle the inmate to "those minimum procedures
appropriate under the circumstances and required by the Due Process Clause to
insure that the state-created right is not arbitrarily abrograted." Id at 557.
The Court also held "This analysis as to liberty parrallels the accepted due
process analysis as to property. The Court has consistently held that some
kind of hearing is required at some time before a person is finally deprived
of his property interest.(internal citation omitted)...We think a person's
liberty is equally protected, even when the liberty itself is a statutory
creation of the State. The touchstone of due process is protection of the
individual against arbitrary action of the government,(internal cit. omitted),
...can only lose good-time credits if they are guilty of serious misconduct,
the determination of whether such behavior has occured becomes critical, and
the minimum requirements of procedural due process appropriate for the
circumstances must be observed." Id at 557.

5

In Massachusetts, as in every other State, prison inmates are protected by the due process clause of the Fourteenth Amendment to the United States Constitution. Wolff v. McDonnell, 418 US 539,556 (1974), and cases cited. "There is no iron curtain drawn between the Constitution and the prisons of this country." Id at 555-556. Prisoner's, therefore, "may not be deprived of life, liberty, or property without due process of law." Id. The procedural protections of due process apply, however, only if there is an existing liberty or property interest at stake. Roth Supra. The Petitioner argues that he has a valid liberty interest in having his prison sentences aggregated to determine the maximum term that he may be held under all his sentences from which all Good Conduct Credits  he was awarded must be deducted, and also, that he has a valid liberty interest in being discharged from the Respondents custody, on the date determined after all his Good Conduct Deductions have been deducted. To determine if this constitutes a protected entitlement, this Court should look first to Federal due process and then to State law. Hewitt v. Helms, 459 US 460,466 (1983). A State may create a protected liberty interest by placing "substantive limitations on official discretion." Olim v. Wakinekona, 461 US 238,249, (1983). To find these substantive limitations, this Court, should look to the language of the statute that governs the conduct at issue. Kentucky Dep't of Corrections v. Thompson, 490 US 454,461 (1989). The Massachusetts Supreme Court has acknowledge that Massachusetts regulations containing "explicitly mandatory language in connection with requiring specific substantive predicates" can create protected liberty interest. Lamoureux v. Supt., MCI Walpole, 390 Mass.409,417,(1983),quoting Hewitt, supra, 459 US at 472. The State law at issue here, explicitly states that every prisoner "shall be entitled to have the term of his imprisonment reduced by a deduction from the maximum term for which he may be held under his sentence or sentences" and "shall receive from the commissioner...a certificate of discharge...on the date determined by such deduction from the maximum term of his sentence or sentences." M.G.L.c. 127 §§ 129,129C,129D. The language is mandatory, not permissive. Thus, these State laws make clear that deductions must be deducted from the maximum term and may not be with held arbitrarily or at the unbridled discretion of prison officials.  Once a liberty interest has been established this Court must next determine what procedural safeguards are necessary to satisfy the requirements of due process. Thompson, supra 490 US at 460. The Petitioner argues that the Respondent's failure to fulfill his statutory duties set forth in the laws at issue, amounts to a deprivation of his Good Conduct Credits and this deprivation is the same as a forfeiture of said credits, and due to such, the protections set forth in Wolff supra should apply.

5A

In <u>Nelson v. Commissioner of Correction</u>, 390 Mass.379(1983),the Court relying on the principles set forth in <u>Wolff</u> supra, held that the State of Massachusetts had created a liberty interest in the language of the laws that govern the calculation and deduction from sentences; M.G.L.c.127 §§ 129,129C,129D, that is "protected by the due process guarantees of the United States Constitution" Id at 389. In <u>Lamourex v. Superintendent, MCI Walpole</u>, 390 Mass.409(1983), the Court reaffirmed that Massachusetts "good time credits involve a state-created liberty interest that is protected by the due process clause of the Fourteenth Amendment to the United States Constitution". Id at 413-14. In <u>Hill v. Superintendent, MCI Walpole</u>, 392 Mass.198(1984), the Court noted inmates who observe prison rules have a statutory right to good time credits and the [loss] of such credits affects a liberty interest protected by the Due Process Clause of the Fourteenth Amendment.Id at 201. Then again, in <u>Superintendent, MCI Walpole v. Hill</u>, 472 U.S.445 (1985), the United States Supreme Court of America noted "Massachusetts law creates a liberty interest in good time credits".Id at 453. The Court held "where a prisoner has a liberty interest in good time credits, the loss of such credits threatens his prospective freedom from confinement by extending the length of imprisonment. Thus the inmate has a strong interest in assuring that the loss of good time credits is not imposed arbitrarily... In a variety of contexts, the Court has recognized that a governmental decision resulting in the loss of an important liberty interest violates due process if the decision is not supported by any evidence." Id at 454-55.

The fact remains, that the Petitioner has a protected liberty interest in the laws of Massachusetts, that govern the calculation and deduction of credits from the Petitioner's Sentences, that the Respondent cannot revoke without due process of law.

        The reward for good conduct created by M.G.L.c. 127 §§ 129,129C,129D,"is the
opportunity for a prisoner " "to have the term of his imprisonment reduced by a
deduction from the maximum term for which he may be held under his sentence   or
sentences..." " Hennessy v. Supt.,M.C.I. Framingham, 386 Mass. 848,854 (1982). "The
operational words..." "shall be entitled to have the term of imprisonment reduced
by a deduction from the maximum term..." " effects an actual reduction of the term,
the prisoner is ""entitled"" to that reduction" Lewis v. Commonwealth, 329 Mass. 445
(1952). "Deductions for good behavior provided by a statute are part of the sentence
imposed by the court and a lessening of the term due a prisoner for good behavior
must be recognized and granted. Depriving one of time off to which he was justly
entitled as a practical matter results in extending his sentence and increasing his
punishment" Lembersky v. Parole Board Dept. of Correction, 332 Mass. 290,294 (1955).
"Section 129D deductions are intended to reduce the maximum period of a prisoner's
actual confinement...in interpreting §129D our focus should be on the statutory
words, " "the maximum term for which [a prisoner] may be held under his sentence.." "
found in §129D, rather than on the single word " "sentence" ". The statutory language
makes clear that deductions are to be made from such " "maximum term" ", and that
this maximum term is something different from the prisoner's (sentence)..."maximum
term for which a [prisoner] may be held under his sentence" " as used in §129D, refers
to the maximum sentence imposed on a prisoner" Burno v. Commisioner of Correction,
399 Mass. 111,118,125(1987). "because earned good time credits are simply added to
statutory good time credits for the purpose of reducing the term of imprisonment
(see G.L.c.127,§129D),the issue [of how to apply the deductions] is the same for
both types of credits" Hennessy supra at 853 n.5. "Where a prisoner is serving multiple
sentences, the board must determine the maximum term for which the prisoner may be
held under his sentences in order to determine a single release date from which the
prisoner's total number of good conduct credits are deducted. G.L.c.127 §129...The
statute, by its terms applies equally to concurrent and consecutive sentences. It
expressly applies whether the prisoner is paroled or serves the entire sentence in
prison...(pursuant to G.L.c.127 §129, sentences on which good conduct can and cannot
be earned are aggregated; good conduct credits are not deducted only from the sentence
on which they were earned)." Crooker v. Chairman of Mass. Parole Board, 38 Mass.App.
Ct. 915,916 (1995), citing Diafario v. Commisioner of Correction, 371 Mass.545,550-52,
(1976). The language "shall be entitled to have the term of his imprisonment reduced
...from the maximum term for which he may be held under his sentence or sentences"
is an "aggregation provision" Id 550 Diafario supra.

A state is prohibited by the Fourteenth Amendment, from depriving a prisoner of life, liberty or property without due process of law. Meachum v. Fano, 427 U.S.215,233(1976). The test for determining a due process violation is to determine first whether the Petitioner has been deprived of a liberty interest within the meaning of the due process clause and if so, if that deprivation was accomplished without due process of law.Id. A liberty interest protected by the due-process clause, may arise from (1) the due process clause itself, and/or (2) state law. Hewitt v. Helms, 459 U.S.460,466(1983). The issue before this Court is one of Statutory Construction, the United States Supreme Court of America has held:

> "In all statutory construction cases, the Supreme Court begins with the language of the statute" Barnhart v. Sigmon Coal Co., 534 U.S.438(2002)."In analyzing a statute, court begins by examining the text not by pyschoanalyzing those who enacted it " Carter v. U.S.,530 U.S.255(2000)."In any case of statutory construction, Supreme Courts analysis begins with the language of the statute, and where the statutory language provides a clear answer,it ends there as well"Hughes Aircraft v. Jacobson, 525U.S.432(1999). "...it is elementary that the meaning of a statute must in first instances, be sought in the language in which the act is framed and if that is plain,..the sole function of the Court is to enforce it according to its terms." Caminetti v. United States 242 U.S.470(1917).

The Petitioner will now set forth the relevant parts of the Statutes that are the foundation of his claim that any and all Good Conduct Credits he was awarded under M.G.L.c.127 §§ 129,129C,129D, [must] be applied to reduce the maximum term for which he may be held under his sentences.

M.G.L.c. 127 §129 provides:

> "...Every such prisoner whose record of conduct shows that he has faithfully observed all the rules of his place of confinement, and has not been subjected to punishment, **shall be entitled to have the term of his imprisonment reduced by a deduction from the maximum term for which he may be held under his sentences or sentences,**. ..If a prisoner has two or more sentences to be served concurrently or otherwise, the maximum period of time for which he may be held under his sentences shall be the basis upon which the deduction shall be determined"(emphasis added).

8

The language of §129 is clear and readily understandable according to its ordinary meaning. The Statute provides that a prisoner <u>shall</u> be entitled to have the <u>term</u> of his imprisonment reduced by a deduction from the maximum term for which he may be held under his sentence or sentences. If a prisoner is serving two or more sentences <u>concurrently</u> or <u>otherwise</u>, the sentences must be aggregated to determine the maximum period he may be held, from which all the deductions shall be applied. This statute by its terms also applies [EQUALLY] to both Concurrent and Consecutive terms of imprisonment. This is mandated by the clear language in §129 which states "concurrent or otherwise", the conjunction <u>or</u> actually mandates equal application of this statute to concurrent or otherwise sentences, the word otherwise in this statute, actually refers to consecutive sentences, this is due to the fact, that when a prisoner is committed to prison, the sentences are either concurrent or consecutive, and when it is not specifically stated by the sentencing Judge, the sentences are presumed to be concurrent.

The Petitioner will now set forth the relevant parts of the Statutes of which he relies upon to support his claim that any Good Time Credits that he was issued under G.L.c 127 §§ 129C and 129D, must be 'added' to any he was issued under§129, and that these combined credits must be deducted from the maximum term of his combined sentences.

9

M.G.L.c 127 § 129C provides in relevant part:

> "For the satisfactory conduct of a prisoner
> confined in a prison camp, the commissioner
> may grant, in addition to the deductions of
> sentence provided under section one hundred
> and twenty nine, a further deduction of
> sentence of not more than two and one half
> days for each month confined in a prison
> camp. Such further deduction of sentence
> **shall** be added to any to which the prisoner
> is entitled under section one hundred and
> twenty nine for...reducing the term of
> imprisonment by deduction from the maximum
> term for which he may be held under his
> sentence or sentences." M.G.L.c. 127 § 129C.

The language of §129C is clear and readily understandable according to its ordinary meaning. The statute provides that any credits issued under its provisions shall be 'added' to any credits that the Appellant was issued under §129, then these combined credits are to be deducted from the maximum term of the Appellant's combined sentences.

M.G.L.c. 127 § 129D provides in relevant part:

> "For the satisfactoryconduct of a prisoner
> while confined...the commissioner may grant
> in addition to the deductions of sentence
> provided under section one hundred and
> twenty nine C, a further deduction of sentence
> of not more than two and one half days....
> Such further deduction of sentence **shall** be
> added to any deduction to which the prisoner
> is entitled under said sections one hundred
> and twenty nine and one hundred and twenty
> nine C for reducing the term of imprisonment
> by deduction from the maximum term for which
> he may be held under his sentence or sentences,"
> M.G.L.c. 127 § 129D.

The language of §129D is clear and readily understandable according to its ordinary meaning. The statute provides that any credits issued under its provisions shall be 'added' to any credits the Appellant was issued under §129 & §129C, then

these combined credits are to be deducted from the maximum
term of the Appellants combined sentences. The Court stated
in Commonwealth v. Hogan, 17 Mass.App.Ct 186, that in regards
to the language of a statute "it is elemantary that the
meaning of a statute must in first instance be sought in the
language in which the act is framed and if that is plain,...
the sole function of the Court is to enforce it according to
its terms ". Id. (Quoting Caminetti supra).

The Petitioner asserts that pursuant to the Statutory
authority of M.G.L.c. 127 §§ 129,129C & 129D, that he is
entitled to, as a matter of law and right, to be discharged
from the Respondents custody, after all the credits he was
issued under the above sections of law, have been deducted
from his maximum release date of November 29, 2006.  The
Appellant relies upon the following relevant provisions in
said sections:

> §129 provides; "a prisoner...shall receive
> from the commissioner...a certificate of
> discharge and shall be released...upon the
> date which has been determined by such
> deductions from the maximum term of his
> sentence or sentences..." G.L.c.127 § 129.

> §129C provides; "a prisoner...shall receive
> from the commissioner a certificate of
> discharge on the date determined by such
> additional deductions from the maximum term
> of his sentence or sentences."G.L.c.127§129C.

> §129D provides; "a prisoner whose term of
> imprisonment is reduced from the maximum
> termfor which he may be held under his
> sentence or sentences shall receive from
> the commissioner a certificate of discharge
> on the date which has been determined by
> such additional deductions from the maximum
> term of his sentence or sentences." §129D.

11

The language in M.G.L.c. 127 §§ 129, 129C & 129D, is clear and readily understandable according to its ordinary meaning. The Statutes provide, that any and all credits issued under their provisions shall reduce the maximum term of imprisonment. The Statutes further provide that after such credits are deducted from the maximum term, the Appellant shall receive a certificate of discharge from the commissioner on the date that has been determined after such deductions and released.

The language in the above Statutes is mandatory, this language is not discretionary. The Statutes mandate actions based upon substantive predicates, the State has created a liberty interest in the above statutes that cannot be arbitrarly revoked without due process of law.

The law is clear that the 1742 days of Good Conduct Credits that the Appellant was issued must be deducted from his maximum release date of November 29, 2006, and that he be discharged from custody on the date determined after such deductions from his maximum term.

"A statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language.... [T]he statutory language itself is the principal source of insight into the legislative purpose." Commonwealth v. Smith, 431 Mass. 417, 421 (2000). "Statutes which relate to a common subject matter should be construed together so as to constitute a harmonious whole." Id. at 424; see also Commonwealth v. Fall River Motor Sales, Inc., 409 Mass. 302, 316 (1991) (statute should be read as a whole to produce internal consistency). "[A] statute should not be read in such a way as to render its terms meaningless or superfluous." Bynes v. School Committee of Boston, 411 Mass. 264, 268 (1991). In addition, criminal statutes are strictly construed against the Commonwealth, and any plausible ambiguity must be resolved in favor of the defendant. Youngwood v. Commonwealth, 436 Mass. 608, 611 (2002) citing Commonwealth v. Wotan, 422 Mass. 740, 742 (1996).

In Burno supra, the Court stated "We recognize that statutes treating the calculation of sentences (should be read against the backdrop of fair treatment of the prisoner)...(Liberty is of immeasurable value; it will not do to read statutes and opinions blind to the possible injustice of denying credits)" Id 122. In Febonio v. Superintendent, 40 Mass.App.Ct.933(1996), a prisoner questioned if two drug sentences he was serving could be aggregated for good conduct reasons, even though, one of the statutes he was convicted under carried a mandatory minimum, the Court answered the question in the affirmative and stated that in "Rodriguez v. Superintendent, 24 Mass.App.Ct.481 (1987), we held that §32H [a drug statute] did not prohibit the application of statutory good time pursuant to G.L. c. 127 §129, even where such deductions allowed a prisoner to be discharged before serving the mandatory minimum term of imprisonment...In comparing other statutes, we noted that 'when the Legislature has intended to restrict the application of such deductions it has done so in an explicit manner'...Since 32H did not specically exclude the application of good conduct deductions...we resolved any existing ambiguity strictly against the Commonwealth"...The Court went on to say "in the wake of Rodriguez, the Legislature amended G.L.c. 94C §32H...it explicitly prohibited the receipt of any deductions for good conduct under G.L.c.127 §129".Id 933. In the Statutes this Petitioner was convicted and sentenced under; M.G.L.c.265 §§ 15A,19, the statutory language in both, is clear, that good conduct deductions can be applied to any sentence imposed under their terms. "Where language of a statute is plain, there is no room for speculation as to its meaning" Commonwealth v. O'Brien, 423 Mass.841 (1996).The legislated, expressed exceptions to a statute are the only exceptions that may be recognized. Commonwealth v. Hanedanian, 51 Mass.App.Ct.64(2001). Statutory language itself is principal source of insight into legislative purpose, and where the language of a statute is plain, courts enforce statute according to its wording. DeLuz v. Department of Correction,434 Mass.515(2001). A Court cannot ignore a statute's plain words. Hollum v. Retirement Board,53 Mass.App.Ct.220(2001). Legislature is presumed to be aware of existing statutes when it amends a statute or enacts a new one. Commonwealth v.Russ R.,433 Mass.515(2001). "Fact that a statute may mean less than at first appears is not to say that the statute is without force". Denis v. Perfect Parts, Inc.,142 F.Supp.259(1956). The laws of Massachusetts are very clear, and mandate, that the 1742 days of Good Conduct Credits the Petitioner was awarded under the laws, must be deducted from the Petitioner's maximum release date of November 29, 2006, any deviation, clearly violates the Petitioner's right to due process of law, guaranteed to him under the Federal and State Constitution's.

13

OVERVIEW OF MULTIPLE SENTENCES AND AGGREGATION

With certain exceptions to be discussed below, multiple sentences are combined to form a single "aggregate" term for the purposes of computing good time and establishing a single good conduct discharge date for all of the sentences.

The aggregate term is the maximum period of time that a prisoner can be held under all of his sentences.[1] Consecutive sentences are aggregated by adding them together. Concurrent sentences are aggregated by forming a single term beginning with the effective date of the sentence which is effective first and ending with the maximum expiration date of the sentence which expires last.

The reason for requiring aggregation is to achieve "similar treatment of those similarly situated."[2] By virtue of aggregation, for example, a prisoner serving two consecutive three-year sentences receives the same deduction as a prisoner serving one six-year sentence. Without aggregation, the seperate three-year sentences would be reduced at a lower rate (10 days/month instead of 12.5 days/month) with the result that the prisoner would serve more time.

---

[1]     The statute requires reduction of the term of imprisonment by "a deduction from the maximum term for which [the prisoner] may be held under his sentence or sentences." As to multiple sentences"the maximum period of time for which [the prisoner] may be held under his sentences shall be the basis upon which the deduction shall be determined." G.L.c. 127, §129.

[2]     Diafario v. Commissioner, 371 Mass. 545, 550-551, (1976).

It may be helpful in understanding aggregation to keep in mind that it can come into play at three distinct stages of the calculation. First, the sentences may be aggregated to establish the rate of reduction**how much good time per month**for good conduct. Second, the sentences may be aggregated to determine the length of the period**how many months**subject to reduction for good conduct.[3] Third, the sentences may be aggregated to establish a single termination date for all the sentences.[4] Most sentences are aggregated for all three purposes so that it is not necessary to distinguish among them, with respect to certain exceptions to be discussed below.

---

[3]     The statute combines the first and second purposes into one by directing that, where multiple sentences are concerned, the maximum period of confinement "shall be the basis upon which the deduction shall be determined." G.L.c. 127, § 129.  See also, Diafario v. Commissioner, 371 Mass. 545, 551, n.8, (1976).

[4]     This is the import of the right to have "the term of..... imprisonment reduced by a deduction from the maximum term for which [the prisoner] may be held under his sentence or sentences." G.L.c. 127, § 129, second sentence. Diafario v. Commissioner, 371 Mass. 545, 550, (1976).

As noted, there are exceptions and qualifications to the generally applicable rule that all multiple sentences must be aggregated. These fall into five categories:

1. Sentences for crimes committed on parole; prior to the 1993 ammendment of G.L.c 127 § 133.

2. Sentences under statutes prescribing mandatory minimum periods of confinement.

3. Sentences from and after for assualt on a correctional officer under G.L.c. 127, § 38B.

4. Sentences ineligible for good conduct reduction, whether concurrent or consecutive.

5. Sentences of LIFE imprisonment; Obviously there is no maximum release date.

## SENTENCES NOT ELIGIBLE FOR GOOD TIME

Sentences for crimes committed while confined in a state correctional facility, certain sex related offenses, and certain repeat violations of the gun law cannot be reduced for good conduct. Also, and most relevant to this [case] crimes committed after the repeal of G.L.c. 127 § 129 and sentences thereof. These sentences are not aggregated for the purpose of computing good time, but they

are aggregated to set a single termination date for all of the sentences.[5] This means that the _eligible_ sentence will be considered by itself to determine the rate of reduction and the number of months subject to reduction and that the good time will then be deducted from the maximum expiration date of the _aggregate_ term. See note 4 supra.

### AGGREGATION OF CONCURRENT SENTENCES

Concurrent sentences are subject to aggregation.[6] To form the aggregate of concurrent sentences, however, you must first determine the effective date and the maximum expiration date of each sentence separately. The aggregate term will then run from the effective date of the sentence which is effective first, to the maximum expiration date of the sentence wich expires last.

---

[5]  _Diafario_ v. _Commissioner_, 371 Mass. 545, (1976). Also see In re _Sumpter_, 46 Mass.App.Ct.251, (1999).

[6]  The statute governing good time and discharge requires aggregation of two or more sentences "to be served concurrently or otherwise." G.L.c. 127, § 129. This contrast with the parole statute which requires aggregation of two or more sentences "to be served otherwise than concurrently." G.L.c. 127, § 133.

Certain Statutes a prisoner is convicted under, restrict the application of good time credits, until a mandatory minimum is served, for instance;

1. G.L.c. 265 § 18 (a), limits "any deduction....for good conduct."

2. G.L.c. 265 § 19 (a), limits "any deduction....for good conduct."

3. G.L.c. 266 § 25 (a), limits "any deduction....for good conduct."

4. G.L.c. 269 § 10 (a), limits "any deduction....for good conduct."

5. G.L.c. 272 § 6, limits "any deduction.....for good conduct or otherwise."

These are just a few examples of Statutes that restrict the application of good conduct credits to sentences imposed for a violation of said statutes. The awarding of GOOD CONDUCT DEDUCTIONS pursuant to G.L.c. 127 § 129, and the application of these deductions to a Sentence, are distinct from eachother. The repeal of G.L.127 §129 did not effect the application of such credits. The repeal just did not award the credits for any offenses committed after the repeal took effect. To do away with the application of good conduct credits, each and every Statute that allows for their application for an offense committed under said statutes would have to be ammended, to restrict the application of credits.

18

PHRASE
[MAXIMUM TERM]
REDUCTION OF TERM OF IMPRISONMENT
AND DISCHARGE FOR GOOD CONDUCT


In Burno v. Commissioner of Correction, 399 Mass. 111, (1987),
the Court stated; "We agree...that §129D deductions are intended to
reduce the maximum period of a prisoner's actual confinement. We also
agree that in interpreting §129D our focus should be on the statutory
words, "the maximum term for which [a prisoner] may be held under his
sentence...," found in §129D, rather than on the single word, "sentence".
The statutory language makes clear that deductions are to be made from
such "maximum term," and that this maximum term is something different
from the prisoner's "sentence.". Id at 118.  The Court also stated:
If "[the] language employed is neither peculiar nor technical, but is
comprised rather of familiar words commonly combined to express...a
simple thought...[our duty is to] construe the statute according to the
common and approved use of [the] language." (cases omitted). Consistently
with that basic rule of statutory construction, we construe the words
"the maximum term for which he may be held under his sentence" ...as
referring to the maximum period of confinement pursuant to the sentence,
rather than to a period of confinement computed by deducting statutory
good time and earned credits therefrom...The phrases "maximum term" and
"mimiumum term" in §129D merely describe the application of these earned
deductions to indeterminate sentences. See G.L.c. 279,§§ 24, 31, 32. The
Legislature used this terminology to manifest its intention that §129D
credits reduce both the "maximum" and "minimum" terms of any sentence

19

imposed on a prisoner. Cf. G.L.C. 127, § 129 (only maximum term reduced), § 129C (maximum and minimum terms reduced). Id at 119. The Burno Court reasoned that the phrase "maximum term" has the same meaning in §129 and §129D, the Court held: "given that both §129 and §129D concern deductions from sentence for prisoners, it is reasonable to conclude that the Legislature intended that one meaning should be assigned to identical language in both statutes....the text of §129D indicates clearly that "maximum term" should be construed in the same sense in both statutes: deductions earned under §129D are to be "added to any deduction to which the prisoner is entitled under [§§ 129 and 129C] for reducing the term of imprisonment by deduction from the maximum term...." G.L.c. 127, § 129D. The described method of computation makes inescabable the conclusion that "maximum term" has the same meaning in both sections." Id at 120. The Burno Court concluded and stated: " we hold that "maximum term for which [a prisoner] may be held under his sentence" as used in G.L.c. 127, §129D, refers to the maximum sentence imposed on a prisoner. Deductions earned under that section should be credited against that sentence...". Id at 125. As pointed out above, §129D deductions are to be added to any deductions to which a prisoner is entitled to under [§§ 129 and 129C] for reducing the term of imprisonment by deduction from the "maximum term".

In Pruett v. State of Texas, 468 F.2d 51 (1972), the Court clearly stated "[W]hen judgment is pronounced upon the convict assessing his punishment by implication of law he is entitled to the provisions of a statute prescribing credits for good behavior;..[A]n act of the Legislature, in existence at the date of the judgment against the convict, specifically defining credits for good conduct, 'becomes a part of the sentence, and inheres into the punishment assessed'...good time is not a gift or clemency, but is time earned by the convict. Since it is time earned, it necessarily is time that has been served. Time that has been served once should not have to be served again, because that would amount to double jeopardy...The Supreme Court said : The Court has held today, in Benton v. Maryland, post,[395 U.S.] p.784 [89 S.Ct. 2056,..]  that  the Fifth Amendment guarantee against double jeopardy is enforceable against the States through the Fourteenth Amendment. That guarantee has been to consist of three seperate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects agaist a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense. This last protection is what is necessarily implicated in any consideration of the question whether, in the imposition of sentence for the same offense after retrial, the Constitution requires that credit must be given for punishment already endured. The Court stated the controlling constitutional principle almost 100 years ago, in the landmark case of Ex parte Lange, 18 Wall. 163,168 : "If there is anything settled in the jurisprudence of England  and America, it is that no man can be twice lawfully punished for the same offence. And...there has never been any doubt of [this rule's] entire and complete protection of the party when a second punishment is proposed in the same court, on the same facts, for the same statutory offence.Id Lang 168 [T]he Constitution was designed as much to prevent the criminal from being twice punished for the same offence as from being twice tried for it.Id Lang 173...We think it is clear that this basic constitutional guarantee is violated when punishment already exacted for an offense is not fully "credited" in imposing sentence....We hold that the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully 'credited' .."Id at 57 Pruett supra.

As the Pruett Court clearly pointed out, any deprivation of the provisions in the good time statutes, that the Petitioner is entitled to, amounts to a clear violation of the Petitioner's Fifth Amendment Guarantee against double jeopardy.

21

> The Good Conduct Statutes apply equally
> to Concurrent and Consecutive Sentences.
> However, the Respondent calculates the
> Deductions from sentences differently
> for each, thereby, subjecting  the
> Petitioner to an arbitrarily, unequal
> application of the law, which is clearly
> a violation of both the United States &
> Massachusetts Constitutions.

The Fourteenth Amendment prohibits any State from depriving a Person within its jurisdiction the equal protection of the law. The Respondents interpretation of the Massachusetts Laws that govern Good Conduct Deductions is clearly unconstitutional, as it runs afoul of the Equal Protection Clause of both the Federal and State Constitutions. This is due to the fact that the Respondent deducts  Good Conduct Credits differently for prisoners serving Concurrent  and Consecutive sentences, even though the laws that govern deductions of credits apply equally to both Concurrent and Consecutive terms. The Respondent is creating two classes:   Individuals  serving "Concurrent Sentences"  and Individuals serving "Consecutive ". When in fact, there should only be one class of Individuals under the Laws that govern Good Conduct Deductions.

When the Respondent calculates multiple Consecutive Sentences for the sole purpose of deducting Good Conduct Credits, the Respondent aggregates all the sentences to determine the maximum term from which all Good Conduct Credits are deducted from. This method of calculating multiple sentences for the sole purpose of deducting Good Conduct Credits is the correct method under M.G.L.c. 127 §§ 129, 129C and 129D. To the contrary, when the Respondent calculates multiple Concurrent Sentences for the sole purpose of deducting Good Conduct Credits, the