Respondent <u>refuses</u> to aggregate the Sentences to determine a maximum term from which all Good Conduct Credits should be deducted from. As this is the problem in the case at bar, the Sentences are treated seperately. This method of calculating Concurrent Sentences is clearly illegal and runs afoul of the Equal Protection Clause, it is also contrary to the precedent Massachusetts case law that specifically sets forth the way multiple sentences in this Commonwealth are to be calculated for the sole purpose of deducting Good Conduct Credits; (Diafario supra, Burno supra, re Sumpter supra, Crooker supra and Parzyck supra).

    The Equal Protection Clause of the Fourteenth Amendment prohibits violations where the Petitioner is denied the equal protection of the law in an arbitrary manner.

    As a matter of law and right, the Petitioner is entitled to have the 1,742 days of Good Conduct credits, that he is entitled to under the law, be deducted from his maximum release date of November 29, 2006, and as a matter of law and right, to be discharged from custody on the date that has been determined after such deductions.

An analysis by the Appellant of both
factually and legally similar precedent
Massachusetts case law.

In the indistinguishable precedent Massachachusetts case law of Diafario v. Commissioner of Correction, 371 Mass. 545 (1976), and in re Sumpter, 46 Mass. App. Ct. 251 (1999), the following facts are the same, compared to the facts in the case at bar:

Diafario:

First  Sentence        Entitled to Good Time
Second Sentence        Not Entitled to Good Time (crime while confined)

Sumpter:

First  Sentence        Entitled to Good Time
Second Sentence        Not Entitled to Good Time (sex offense)

Case at Bar:

First  Sentence        Entitled to Good Time
Second Sentence        Not Entitled to Good Time (Truth in Sentencing)

In Diafario and re Sumpter, the Court held that the first and second sentences were to be combined to determine a single termination date from which all the Good Time was to be deducted from, even though the credits were attributed to the first of the two sentences and the second sentence was entitled to none. The only difference between the case at bar and Diafario & re Sumpter, is that in the case at bar the appellant is serving concurrent and not consecutive sentences. The laws that govern deductions from sentences and the calculating of such, apply equally to both types of sentences. This was pointed out by the Crooker Court in their decision. (Crooker v. Mass. Parole Board, 38 Mass. App. Ct. 915, 916, (1995) and also in Parzyck v. Dubois, 2 Mass. Law Rptr. 457 (1994).)

The language in the Statutes that govern Good Time Credits, mandate that these credits be deducted from the maximum term of a prisoners sentence, and when multiple sentences are involved, the sentences are to be combined to determine this maximum term. The sentences can be "concurrent or otherwise" (G.L.c. 127 § 129). The phrase "concurrent or otherwise" in this statute, actually mandates equal application of this statute to Concurrent & Consecutive terms of imprisonment.

The same principles and reasoning of the law that were applied in the Diafario and Sumpter cases, that determined that Good Time Credits must be deducted from the combined maximum term of multiple sentences, regardless of whether or not the Credits were attributed to the first or second sentences, must be applied to the case at bar. The circumstances of all three cases are similar, with respect to the deductions of credits from the maximum term and the laws that govern deductions from sentences require it. To change or alter the way the Court decided Diafario & Sumpter, to the appellants disadvantage, would clearly be a grave injustice incurred by him.

As a matter of law and right, the Appellant is entitled to have the 1725 days of Credits that were awarded to him under the law, be deducted from his maximum release date of November 29, 2006, and as a matter of law and right, to be discharged from the Respondents custody on such determined date after said deductions have been deducted.

25

> The Statutes that the Petitioner
> was convicted & sentenced under,
> do not prohibit, but allow, all
> Good Conduct Deductions that the
> Petitioner was issued, to be
> applied to any sentence imposed
> under their terms.

Petitioner asserts that the Statutes he was convicted and sentenced under; M.G.L.c. 265 §§ 15A & 19, do not prohibit, but <u>allow</u>, any Good Conduct Deductions that the Petitioner was issued, to be applied to any sentence that was imposed under their terms, providing that any credits do not reduce any sentence imposed under any mandatory minimum that <u>may</u> be required.

G.L.c. 265 §15A provides in relevant part:

> "...Said sentence shall not be reduced
> until two years of said sentence have
> been served nor shall the person
> convicted be eligible for..any deduction
> from his sentence for good conduct until
> he shall have served two years of such
> sentence;..." G.L. c.265 §15A.

The language of §15A is clear and readily understandable according to its ordinary meaning. The Statute provides that Good Conduct Deductions can be applied to any sentence that was imposed for a conviction thereunder, providing that said deductions do not reduce any sentence imposed to under two years.

G.L.c. 265 §19 provides in relevant part:

> "...Said sentence shall not be reduced
> until two years of said sentence have
> been served nor shall the person
> convicted be eligible for..any deduction
> from his sentence for good conduct until
> he shall have served two years of such
> sentence;..." G.L. c.265 §19.

26

The language of §19 is clear and readily understandable according to its ordinary meaning. The Statute provides that Good Conduct Deductions can be applied to any sentence that was imposed for a conviction thereunder, providing that said deductions do not reduce any sentence imposed to under two years.

It is clear that any and all Good Time Credits that the Petitioner was issued (1742) can be applied to any sentence imposed for the offenses he was convicted for, the application of credits to a sentence of imprisonment, and the awarding of credits, derive from seperate statutes. When Credits are not allowed to be applied to a sentence of imprisonment, the statute one is convicted and sentenced under, will explicitly state such prohibition. (See Rodriguez supra).

As a matter of law and right, the Petitioner is entitled to have the 1742 days of Good Conduct Credits that he was issued under M.G.L.c. 127 §§ 129, 129C & 129D, be applied to the sentences he received for convictions under M.G.L. c.265 §§ 15A & 19, regardless of the offense dates.

---

"A statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language.... [T]he statutory language itself is the principal source of insight into the legislative purpose." Commonwealth v. Smith, 431 Mass. 417, 421 (2000). "Statutes which relate to a common subject matter should be construed together so as to constitute a harmonious whole." Id. at 424; see also Commonwealth v. Fall River Motor Sales, Inc., 409 Mass. 302, 316 (1991) (statute should be read as a whole to produce internal consistency). "[A] statute should not be read in such a way as to render its terms meaningless or superfluous." Bynes v. School Committee of Boston, 411 Mass. 264, 268 (1991). In addition, criminal statutes are strictly construed against the Commonwealth, and any plausible ambiguity must be resolved in favor of the defendant. Youngwood v. Commonwealth, 436 Mass. 608, 611 (2002) citing Commonwealth v. Wotan, 422 Mass. 740, 742 (1996).

27

The Statute that governs this case is not the "Truth in Sentencing Act", hereinafter referred to as the "Act". The Statutes that govern this case are; (A) the statute that governs indeterminate sentencing; (G.L.c. 279 § 24) and; (B) the statutes that the Petitioner was convicted and sentenced under; (G.L.c. 265 §§ 15A, 19). The preceeding statutes have the force of law to impose sentence and punishment on the Petitioner, the Act has no authority under the law to impose sentence or punishment and is not even Penal in nature. (See Graceffa v. Commission of Correction, Suffolk Superior Court Civ.Act.No. 97-3981-C, 1997). Therefore the Act cannot govern the case at bar. The only effect the Act had on this Petitioner, is that he was not awarded credits for the offense that was committed after the Act was enacted. The Act in no way effected any of the statutes the Petitioner was convicted and sentenced under. Nor did the Act effect any credits and the application of such that the petitioner was awarded as a matter of right, before the Act was enacted. Nor does the Act effect the way sentences in this Commonwealth are calculated for the purpose of deducting credits from the maximum period of a prisoners confinement. Section 21 of the Act provides a savings clause that specifically states "...Notwithstanding any other provision of this act, the law in effect at the time an offense is committed shall govern sentencing for said offense." This clause does not effect §10 of the Act, due to the fact that this section only repealed G.L.c. 127 § 129, and §129 has nothing to do with sentencing or punishment,

28

see Graceffa supra. This savings clause specifically relates to the following sections of the Act: 14, 15, 17, 18, 19, & 20, all of which relate to sentencing, §10 has nothing to do with sentencing. There is no specific language anywhere in the Act that prohibits the application of G.L.c. 127 § 129 credits that the petitioner was awarded before the Act's enactment from being applied to a sentence imposed for an offense committed after its enactment date. The fact remains and the case law that the Petitioner has presented, mandates that any credits that where awarded to the Petitioner must be deducted from his combined maximum release date. Any attempt in altering the way these credits are deducted from the petitioners maximum release date of November 29, 2006, that is to the petitioners disadvantage, as a direct result of the Act, effects a State-created liberty interest and would be subjecting the Petitioner to a law ex post facto, which both the Federal and State Constitutions prohibit. The Petitioner has clearly shown that the Act does not and cannot govern the Petitioners terms of imprisonment, and that the Act does not prohibit the application of §129 credits that were awarded to the petitioner before the Act's effective date from being applied to a sentence for an offense committed after the Acts effective date. The Petitioner firmly asserts that the application of credits to a term of imprisonment solely derives from the Statute one is convicted under & not from §129 or the Act. (See Rodriguez v. Supert.,supra). The awarding of credits and the application of credits are distinct from eachother. To do away with the application of §129 credits to a term of imprisonment, each and every Statute that one is convicted under would have to be amended to explicitly prohibit the application of §129 credits to a term imposed for a conviction there under. (See Rodriguez supra).

29

The law is clear that sentences with and without statutory good time are to be aggregated to determine a single termination date from which all the good time is to be deducted from, Good time is not only deducted from the sentences on which they were earned; (Diafario V. Commissioner of Corrections, 371 Mass. 545, 550 (1976); re Sumpter, 46 Mass.App.Ct. 251, 254 (1999); Crooker v. Chairman of Massachusetts Parole Board, 38 Mass.App.Ct. 915, 916 (1995). The Petitioner was awarded 1725 days of Good time Credits under M.G.L. c.127 §§ 129, 129C and 129D; Burno v. Commissioner of Corrections, 371 Mass. 111, 114 (1987). These 1725 days of Credits are mandated under the terms of their statutes to be applied to reduce the aggregate maximum term of the Petitioners combined sentences;(M.G.L. c127 §§ 129,129C,129D; Diafario; re Sumpter; Crooker supra). The statutes that the Petitioner was convicted and sentenced under; M.G.L. c.279 §24, and M.G.L. c.265 §§ 15A, 19, do not prohibit, but allow, any Good Time Credits that the Petitioner has accrued, to be applied to any sentence imposed under their terms. The application of Good Time Credits to a sentence derives from the Statute one is convicted and sentenced under, and when credits are not allowed to be applied to a sentence, it is explicitly stated

in that statute; (Rodriguez v. Superintendent, Northeastern Correctional Center, 24 Mass.App.Ct. 481 (1983). The awarding of credits and the application of such, are distinct from each other, each get their authority and derive from seperate statutes. (See Rodriguez supra).

The clarity in the overwhelming supporting case law that the Petitioner has set forth, in conjunction with the clarity in the Statutes that govern Good Conduct Deductions, and the Statutes that govern the Petitioner's Sentences, has clearly shown that any and all Good Conduct Credits that were awarded to the Petitioner must be deducted from the combined maximum term that he may be held under all his sentences, regardless, of one sentence being pre-Truth in Sentencing and the other being post-Truth in Sentencing. The only effect that the Truth in Sentencing Act, hereinafter the "Act", had on the case at bar, is that the Petitioner was not awarded any credits for the offense committed after the Act was enacted. The Act in no way effected any of the Statutes the Petitioner was convicted under, which allow credits to be applied to any sentence that is or was imposed under their terms. Nor did the Act effect the way sentences in this Commonwealth are calculated for the sole purpose of deducting credits from the maximum period of a term of imprisonment. Nor did the Act effect any credits and the application of such, that the Petitioner was awarded as a matter of law and right, before the Act's enactment date. To apply the Act retrospectively to the Petitioner, to his disadvantage, in

the way his sentences are calculated for deducting credits that he was awarded before the act's enactment date, would subject the Petitioner to a law ex post facto, of which is not allowed under either the United States or Massachusetts Constitutions.

"A statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language.... [T]he statutory language itself is the principal source of insight into the legislative purpose." Commonwealth v. Smith, 431 Mass. 417, 421 (2000). "Statutes which relate to a common subject matter should be construed together so as to constitute a harmonious whole." Id. at 424; see also Commonwealth v. Fall River Motor Sales, Inc., 409 Mass. 302, 316 (1991) (statute should be read as a whole to produce internal consistency). "[A] statute should not be read in such a way as to render its terms meaningless or superfluous." Bynes v. School Committee of Boston, 411 Mass. 264, 268 (1991). In addition, criminal statutes are strictly construed against the Commonwealth, and any plausible ambiguity must be resolved in favor of the defendant. Youngwood v. Commonwealth, 436 Mass. 608, 611 (2002) citing Commonwealth v. Wotan, 422 Mass. 740, 742 (1996).

As a matter of law and right, the Petitioner is entitled to have the 1742 days of Good Conduct Credits, that he was awarded under the law, be deducted from his maximum release date of November 29, 2006, and also as a matter of law and right, to be discharged from the Respondent's custody, on the date that has been determined by such deductions being deducted from such maximum release date.

CONCLUSION

This case involves the application of Massachusetts Statutes to the Petitioner's Sentence structure, in all statutory construction cases, the Court begins with the Statute or Statute's in question, and when the language is explicitly unambiguous, the Court applies the Statute or Statutes, according to its terms.

The Petitioner was convicted and sentenced under the General Provisions of M.G.L. c.265 §§ 15A & 19. The Court then imposed two State Prison terms under the Indeterminate Sentencing Statute; G.L. c.279 §24, one term being 5-10 years, and the other being 7-12 years, both terms were imposed to run concurrently under M.G.L. c.279 §8. The combined maximum term that the Court imposed on the Petitioner was 12 years. Under the General Provisions of M.G.L. c.127 §129, the Petitioner was awarded 1500 days of Good Conduct Deductions, these deductions are mandated under the General Provisions of M.G.L. c.127 §§ 129, 129C & 129D, to be deducted from the Petitioner's maximum term that he may be held under all his sentences (12 years). Under the General Provisions of M.G.L. c.127 §129C, the Petitioner was awarded 30 days of Good Conduct Deductions, these deductions are mandated under this statute to be '<u>added</u>' to any deductions that were awarded under §129 (1500), this statute then mandates that these combined deductions (1530),

33

be deducted from the maximum term that the Petitioner may be held under all his sentences (12 years). Under the General Provisions of M.G.L. c.127 §129D, the Petitioner was awarded 212 days Good Conduct Deductions, these deductions are mandated under this statute to be 'added' to any deductions the Petitioner was awarded under §129 (1500), and also under §129C (30), then this statute mandates that these combined deductions (1742), be deducted from the Petitioner's maximum term that he may be held under all his sentences (12 years). All three statutes, §129, 129C & 129D, then mandate that the petitioner be discharged from custody on the date that is determined by such deductions being deducted from his maximum term. The effective date of both sentences is November 30, 1994, the Court imposed a 12 year maximum term, when the 12 years is added to the effective date of sentences, one arrives at a maximum date of November 29, 2006, when the 1742 days of Good Conduct Deductions are deducted from the maximum date of November 29, 2006, one arrives at a discharge date of **February 21, 2002.**

   Therefore, as a matter of law and right, the Petitioner should be discharged forthwith.

                                           _____
                                           CHARLES RAMPINO PRO SE
                                           OLD COLONY CORR. CENT.
                                           1 ADMINISTRATION ROAD
                                           BRIDGEWATER, MA  02324

DATED 9-20-2004

34

CONCLUSION

For the reasons set forth above, Petitioner respectfully request that this Court grant his writ of habeas corpus.

Respectfully submitted,

CHARLES RAMPINO PRO SE
OLD COLONY CORR. CENTER
1 ADMINISTRATION ROAD
BRIDGEWATER, MA. 02324

Dated 9-20-2004

VERIFICATION

I Charles Rampino, do hereby state that the above information is true and accurate to the best of my knowledge and belief, signed and sworn to under the pains and penalties of perjury.

Dated 9-20-2004

CHARLES RAMPINO PRO SE

35

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

    To the Sheriff of said County of Suffolk, his Deputies, the Officers hereinafter named and the Superintendent of the Massachusetts Correctional Institution, Cedar Junction, in the County of Norfolk;

GREETING:

    Whereas, by the consideration of the Superior Court Department of the Trial Court for Criminal Business, holden at Boston within and for the County of Suffolk, on the  second  day of  May  in the year of our Lord one thousand nine hundred and  ninety five

Charles Rampino

now in the custody of the Sheriff of said County of Suffolk, convicted of the crime of

Assault and battery by means of a dangerous weapon

for which crime the said  Rampino  was sentenced to be confined in the Massachusetts Correctional Institution, Cedar Junction, for a term of not more than  ten(10)  years and not less than  five(5)  years and to stand committed in pursuance of said sentence.

    The Court orders sentence to be served concurrently with sentence imposed on SUCR93-11973-001. The Court in imposing sentence orders that the defendant be deemed to have served one hundred fifty three(153) days of sentence.

    We therefore, command you, the said Sheriff, Deputies, and Officers of the Court, to remove the said  Rampino  from the Jail in Boston in the said County of Suffolk, to the Massachusetts Correctional Institution, Cedar Junction, in the said County of Norfolk; and we command you, the said Superintendent to receive the said Rampino  and immediately thereon to cause the said Rampino  to be confined therein for a term of not more than  ten(10)  years, and not less than  five(5)  years, to be served as aforesaid.

    And so doing this shall be your warrant; and you the said Sheriffs and Officers are to make return of this warrant with your doings thereon to the Office of the Clerk/Magistrate of said Superior Court in Boston soon as may be.

    WITNESS, ROBERT A. MULLIGAN, Chief Justice of said Court and the seal thereof at Boston aforesaid, this  second  day of  May  in the year of our Lord nineteen hundred and ninety-  five.

A TRUE COPY
ATTEST

M.C.I. CEDAR JUNCTION

James M. Pardi
ASSISTANT CLERK.

Exhibit "1"

\*\*\*  C O R R E C T E D   M I T T I M U S  \*\*\*

## Commonwealth of Massachusetts

**Suffolk, SS.**

To the Sheriff of said County of Suffolk, his Deputies, the Officers hereinafter named and the Superintendent of the Massachusetts Correctional Institution, Cedar Junction, in the County of Norfolk;

SUCR 94-11973-001

*Greeting:*

Whereas, by the consideration of the Superior Court Department of the Trial Court for Criminal Business, holden at Boston within and for the County of Suffolk, on the second day of May in the year of our Lord one thousand nine hundred NINETY-FIVE.

now in the custody of the Sheriff of said County of Suffolk, convicted of the crime of

**CHARLES RAMPINO**

**R O B B E R Y ( 265-19 )**

for which crime the said Rampino was sentenced to be confined in the Massachusetts Correctional Institution, Cedar Junction, for a term of not more than TWELVE ( 1 2 ) YEARS and not less than SEVEN ( 7 ) YEARS, to take effect FORTHWITH & NOTWITHSTANDING sentence defendant presently serving at NORFOLK COUNTY HOUSE OF CORRECTION.
Court deems defendant to have served 1 5 3 DAYS of said sentence while awaiting disposition of said matter.
VICTIM / WITNESS FEE OF $ 50.00 IMPOSED.

We therefore, command you, the said Sheriff, Deputies, and Officers of the Court, to remove the said Rampino from the Jail in Boston in the said County of Suffolk, to the Massachusetts Correctional Institution, Cedar Junction, in the said County of Norfolk; and we command you, the said Superintendent to receive the said Rampino and immediately thereon to cause the said Rampino to be confined therein for a term of not more than twelve ( 1 2 ) years and not less than seven ( 7 ) years, to take effect and be served as aforesaid.

And so doing this shall be your warrant; and you the said Sheriffs and Officers are to make return of this warrant with your doings thereon to the Office of the Clerk Magistrate of the said Superior Court in Boston as soon as may be.

Witness, **Robert A. Mulligan**, Chief Justice of said Court and the seal thereof at Boston aforesaid, this second day of May in the year of our Lord one thousand nine hundred NINETY-FIVE.

TRUE COPY
ATTEST

James M. Pardi
Assistant Clerk

Boston,                              19

In obedience to the within warrant, I have conveyed the within named defendant to the Massachusetts Correctional Institution Cedar Junction, in the County of Norfolk, and delivered him to the Superintendent there of with a copy of this warrant.

Deputy Sheriff, of said County
Officer of the Court within named
Court

Exhibit "2"

```
                        Inmate Sentence Listing
            W58521             RAMPINO, CHARLES
Report Date:2004 0623 09:20:08
--------------------------------------------------------------------------------
                            Sentence Unit:  A
--------------------------------------------------------------------------------
 Sent #: 1           Statute:      265     19                         150
                              UNARMED ROBBERY

   Off. Date:   19940714
   Sent. Type:  State Prison                                 PE:   20011129
   Imposed:     19950502                                     Min:  20011129
   Invoked:     19950502       7Y TO 12Y                     Max:  20061129
 Jail Credit:   153                                          Gcd:
   Effective:   19941130
       Court:   SUFFOLK SUPERIOR COURT
      Docket:   94-11973-001


                                           Statutory good Time Restrictions.



--------------------------------------------------------------------------------
 Sent #: 2           Statute:      265     15A                        171
                              A&B BY MEANS OF D.W.

   Off. Date:   19940324
   Sent. Type:  State Prison                                 PE:   19980329
   Imposed:     19950502                                     Min:  19991129
   Invoked:     19950502       5Y TO 10Y                     Max:  20041129
 Jail Credit:   153                                          Gcd:  20001021
   Effective:   19941130
       Court:   SUFFOLK SUPERIOR COURT
      Docket:   94-11974-001




--------------------------------------------------------------------------------
 Sent #: 3           Statute:   CL A  94C   32                        881
                              CLASS A

   Off. Date:   20010427
   Sent. Type:  SUFFOLK                                      PE:
   Imposed:     20011012                                     Min:
   Invoked:     20011012       1D                            Max:  20011012
 Jail Credit:   0                                            Gcd:
   Effective:   20011012
       Court:   WEST ROXBURY DC
      Docket:   0106CR001260(CT1


                                           Statutory good Time Restrictions.
```

Exhibit "3"

Report Date:2004 0623 09:20:08

```
                              Sentence Unit:  A

Sent #: 4          Statute:         94C     32J                          872
                     Cont. Sub. on/near School Property
  Off. Date:   20010427
  Sent. Type:  SUFFOLK                                      PE:   20031011
    Imposed:   20011012                                     Min:
    Invoked:   20011012         TO 2Y                       Max:  20031011
 Jail Credit:  0                                            Gcd:
   Effective:  20011012
       Court:  WEST ROXBURY DC
      Docket:  0106CR001260(CT2

                                         2 Years Earn Good Time Restrictions.
    2 Years Probation Restrictions.      Statutory good Time Restrictions.
    2 Years Work Release Restrictions.   2 Years Camp Time Restrictions.
    2 Years Parole Restrictions.         2 Years Furlough Restrictions.

   Paroled        Revoked    Returned       Escaped       Returned
   -------        -------    --------       -------       --------
                                         Combined dates as of    20040608 12:02
                                         ----------------------------------------
   Time on parole:         0                    Original    Revised    Adjusted
 Dead time(parole):        0              PE Date :  20031011           20031011
 Dead time (escape):       0              Minimum :  20011129           20031011
       Earned time:   242.50              Maximum :  20061129           20060331
       Forfeitures:       .0              GCD Date:
      Restorations:       .0
```

Exhibit "3A"