UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

In the matter of the application of      04 cv 12033 PBS

CHARLES RAMPINO

for a WRIT OF HABEAS CORPUS

## CONSTITUTIONAL AND STATUTORY PROVISIONS

    Charles Rampino, the petitioner in the above-entitled matter, hereby submitts for the Courts convenience, a reproduced copy of the Constitutional and Statutory provisions that are at issue in the case at bar.

Respectfully Submitted,

/s/ Charles Rampino

CHARLES RAMPINO PRO SE
OLD COLONY CORR. CTR.
1 ADMININISTRATION RD.
BRIDGEWATER, MA. 02324

Dated 9-20-2004

TABLE OF CONTENTS

CONSTITUTIONAL AND STATUTORY PROVISIONS

UNITED STATES CONSTITUTION:

    Fourteenth Amendment, Due Process Clause     1
    Fourteenth Amendment, Equal Protection Clause     1
    Article 1, sect. 10, cl. 1, Ex Post Facto Law     2

UNITED STATES CODE:

| | | |
|---|---|---|
| 28 U.S.C. §2241 | (POWER TO GRANT WRIT) | 3-4 |
| 28 U.S.C. §2243 | (ISSUANCE OF WRIT; RETURN; HEARING; DECISION) | 5-6 |

MASSACHUSETTS GENERAL LAWS:

| | | |
|---|---|---|
| G.L.c.127 §129 | (PERMITS TO BE AT LIBERTY) | 7-9 |
| G.L.c.127 §129C | (PERMITS TO BE AT LIBERTY) | 10 |
| G.L.c.127 §129D | (PERMITS TO BE AT LIBERTY) | 11 |
| G.L.c.265 §15A | (CRIMES AND PUNISHMENT) | 12-13 |
| G.L.c.265 §19 | (CRIMES AND PUNISHMENT) | 14 |
| G.L.c.279 §8 | (JUDGMENT AND EXECUTION) | 15 |
| G.L.c.279 §24 | (JUDGMENT AND EXECUTION) | 16 |
| St.1993, c.432 | (TRUTH-IN-SENTENCING ACT) | 17-28 |

## AMENDMENT XIV
*Passed by Congress June 13, 1866. Ratified July 9, 1868.*

**Note:** Article I, section 2, of the Constitution was modified by section 2 of the 14th amendment.

**Section 1.**
All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws

Constitution of the United States

Fourteenth Amendment

Due Process

Equal protection of the laws

**1**

Section. 10.

No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility.

No State shall, without the Consent of the Congress, lay any Imposts or Duties on Imports or Exports, except what may be absolutely necessary for executing it's inspection Laws: and the net Produce of all Duties and Imposts, laid by any State on Imports or Exports, shall be for the Use of the Treasury of the United States; and all such Laws shall be subject to the Revision and Controul of the Congress.

No State shall, without the Consent of Congress, lay any Duty of Tonnage, keep Troops, or Ships of War in time of Peace, enter into any Agreement or Compact with another State, or with a foreign Power, or engage in War, unless actually invaded, or in such imminent Danger as will not admit of delay.

                    Constitution of the United States

                    Art. 1, sect. 10, cl. 1,2,3,
                            Ex Post Facto



 **US CODE COLLECTION** 

TITLE 28 > PART VI > CHAPTER 153 > Sec. 2241.

Next

### Sec. 2241. - Power to grant writ

**(a)**

Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.

**(b)**

The Supreme Court, any justice thereof, and any circuit judge may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it.

**(c)**

The writ of habeas corpus shall not extend to a prisoner unless -

**(1)**

He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

**(2)**

He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

**(3)**

He is in custody in violation of the Constitution or laws or treaties of the United States; or

*Search this title:*

Search Title 28

Notes
Updates
Parallel authorities (CFR)
Topical references

3

**(4)**

    He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or

**(5)**

    It is necessary to bring him into court to testify or for trial.

**(d)**

    Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination

Next

  

4



# US CODE COLLECTION



TITLE 28 > PART VI > CHAPTER 153 > Sec. 2243.

Prev | Next

### Sec. 2243. - Issuance of writ; return; hearing; decision

    A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

    The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

    The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.

    When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.

    Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.

    The applicant or the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts.

    The return and all suggestions made against it may be amended, by leave of court, before or after being filed.

    The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require

Search this title:

Search Title 28

Notes
Updates
Parallel authorities (CFR)
Topical references

Prev | Next





# US CODE COLLECTION





TITLE 28 > PART VI > CHAPTER 153 > Sec. 2243.

Notes on Sec. 2243.

**SOURCE**
June 25, 1948, ch. 646, 62 Stat. 965.

**HISTORICAL AND REVISION NOTES**

    Based on title 28, U.S.C., 1940 ed., Sec. 455, 456, 457, 458, 459, 460, and 461 (R.S. Sec. 755-761).

    Section consolidates sections 455-461 of title 28, U.S.C., 1940 ed.

    The requirement for return within 3 days "unless for good cause additional time, not exceeding 20 days is allowed" in the second paragraph, was substituted for the provision of such section 455 which allowed 3 days for return if within 20 miles, 10 days if more than 20 but not more than 100 miles, and 20 days if more than 100 miles distant.

    Words "unless for good cause additional time is allowed" in the fourth paragraph, were substituted for words "unless the party petitioning requests a longer time" in section 459 of title 28, U.S.C., 1940 ed.

    The fifth paragraph providing for production of the body of the detained person at the hearing is in conformity with Walker v. Johnston, 1941, 61 S.Ct. 574, 312 U.S. 275, 85 L.Ed. 830. Changes were made in phraseology

  



C. 127  ANNOTATED LAWS OF MASSACHUSETTS  § 128

request and obtain permission of my Parole Officer before owning or purchasing any motor vehicle.

11. I will not own, possess, or purchase firearms or weapons of any kind.

12. I will not use, possess, or purchase any illegal drugs or use or possess those that have been unlawfully obtained.

13. Should the occasion arise, I will waive extradition and will not resist being returned to the State of ....32..........

14. Special Conditions: ....33..........

I hereby certify that I have read and that I understand the foregoing conditions of parole and that I have received a copy of this Certificate of Release.

Signed this ....34.... day of ....35.......... [month and year].

[Signature]
Name ....36..........
Address ....37..........

### § 129. Deduction for Good Conduct, Satisfactory and Diligent Performance of Work, etc.; Exceptions.

The officer in charge of each correctional institution or other place of confinement, except a defective delinquent department, shall keep a record of each prisoner in his custody whose term of imprisonment is four months or more. Every such prisoner whose record of conduct shows that he has faithfully observed all the rules of his place of confinement, and has not been subjected to punishment, shall be entitled to have the term of his imprisonment reduced by a deduction from the maximum term for which he may be held under his sentence or sentences, which shall be determined as follows: Upon a sentence of not less than four months and less than one year, two and one half days for each month; upon a sentence of not less than one year and less than two years, five days for each month; upon a sentence of not less than two years and less than three years, seven and one half days for each month; upon a sentence of not less than three years and less than four years, ten days for each month; upon a sentence of four years or more, twelve and one half days for each month; provided, however, that no prisoner serving a sentence imposed for a violation of section thirteen B, twenty-two, twenty-two A, twenty-three, twenty-four or twenty-four B of chapter two hundred and sixty-five or section seventeen, thirty-five or thirty-five A of chapter two hundred and seventy-two, or for an attempt to commit any crime referred to in said section shall be entitled to have the term of his imprisonment under such sentence reduced under the provisions of this section. If a prisoner has two or more sentences to be served concurrently or otherwise, the maximum period of time for which he may be held under his sentences shall be the basis upon which the

7

§ 129     Officers, Etc., of Penal Institutions     C. 127

deduction shall be determined, except that when a prisoner on parole is sentenced for a new crime, the sentence on which he was paroled shall be considered separately, and shall not be aggregated with any new sentence for the purposes of determining the deductions. If a prisoner violates any rule of his place of confinement, the commissioner of correction, the county commissioners, and, in Suffolk county, the penal institution commissioner of Boston, upon the recommendation and evidence submitted to them respectively, in writing by the principal officer, or officer in charge, shall decide what part, if any, of such good conduct deduction from sentence or sentences shall be forfeited by such violation, and may likewise determine, in the event of the prisoner's subsequent good conduct, whether any or all of such deduction shall be restored.

A prisoner in a correctional institution of the commonwealth who is entitled to have the term of his imprisonment reduced shall receive from the commission of correction a certificate of discharge and shall be released from the correctional institution in which he has been confined, upon the date which has been determined by such deductions from the maximum term of his sentence or sentences. A prisoner in a county penal institution who is entitled to have the term of his imprisonment reduced shall receive from the county commissioners or, in Suffolk county, the penal institutions commissioner of Boston, a certificate of discharge, and shall be released from the institution in which he has been confined, upon the date which has been determined by such deductions from the maximum term of his sentence or sentences. A prisoner released on parole by the parole board, who has faithfully observed all the rules of his parole and has not been returned to prison or a county penal institution for the violation of his parole, shall be entitled to have the term of his imprisonment reduced by a deduction from the maximum term for which he may be held under the sentence or sentences, but only for that period of the sentence or sentences during which he was actually confined, and in such case, the parole board shall issue to him a certificate of final discharge and release from further supervision upon the date which has been determined by such a deduction from the maximum term of his sentence or sentences. Any other prisoner released on parole from a county penal institution who is entitled to have the term of his imprisonment so reduced shall receive from the county commissioners, or in Suffolk county the penal institutions commissioner of Boston, a certificate of final discharge.

If, during the term of imprisonment of a prisoner confined in a correctional institution of the commonwealth, such prisoner shall commit any offense of which he shall be convicted and sentenced, he shall not be entitled to any deductions hereunder from the new

8

C. 127       ANNOTATED LAWS OF MASSACHUSETTS        § 129

sentence or sentences of imprisonment. A prisoner released on parole by the parole board, who has failed to observe all the rules of his parole and has been returned to a correctional institution for the violation of his parole, shall not receive deductions described in this section until he has served six months following his return to the correctional institution. (1857, 284, § 1; 1858, 77; 1859, 108; GS 178, § 47; 179, § 51; 1880, 218, §§ 1, 3, 4; 1881, 40; PS 222, §§ 20, 22; 1886, 323, § 7; 1894, 258; 1898, 443, § 1; RL 225, § 113; 1938, 264; 1941, 690, § 2; 1945, 49, § 1; 1946, 543, § 1; 1947, 131, § 1; 1948, 450, § 1; 1954, 567, § 4; 1955, 770, § 66; 1959, 445, § 2; 1960, 524; 1960, 765, § 4; 1961, 282; 1963, 535; 1965, 884, §§ 1–3; 1967, 379.)

**Editorial Note—**

The 1954 amendment affected only the former third, fourth and fifth paragraphs of this section, considerably rewriting them. Section 10 of the amending act provides as follows:

SECTION 10. In so far as the provisions of this act are the same as the provisions of law in effect immediately prior to the effective date of this act they shall be construed as confirmations thereof and not as new enactments.

The 1955 amendment rewrote much of this section, reducing it to two paragraphs.

The 1959 amendment added the last paragraph.

The first 1960 amendment affected only the second paragraph, rewriting the third sentence.

The second 1960 amendment rewrote the third sentence of the second paragraph.

The 1961 amendment affected only the second paragraph, rewriting the third sentence to include persons not returned to a county penal institution, and adding a sentence at the end of the paragraph.

The 1963 amendment rewrote the last paragraph.

The 1965 amendment added a clause at the end of the second sentence of the first paragraph prohibiting good conduct deductions from the sentences of certain sexual offenders, amended the third sentence of the second paragraph by striking out the provision that certain sexual offenders, upon their release, should not be given certificates of discharge but should be placed on parole until the expiration of their sentences, and added a new sentence at the end of the last paragraph providing that parole violators should not be entitled to good conduct deductions from their sentences. Section 4 of the amending act provides as follows:

SECTION 4. The provisions of section one hundred and twenty-nine of chapter one hundred and twenty-seven of the General Laws, as amended by sections one and two of this act, shall not apply to the deductions or term of imprisonment of any person sentenced prior to the effective date of this act. The provisions of section one hundred and twenty-nine of chapter one hundred and twenty-seven of the General Laws, as amended by section three of this act, shall not apply to any person who is paroled by the parole board prior to said effective date.

The 1967 amendment rewrote the last sentence of the last paragraph, deleting "for any of the first six months after he is returned" and inserting "until he has served six months following his return."

**Code of Massachusetts Regulations—**

Sentence computation, 103 CMR 410.00 et seq.

134

9

# GENERAL LAWS OF MASSACHUSETTS

PART I.
ADMINISTRATION OF THE GOVERNMENT

TITLE XVIII.
PRISONS, IMPRISONMENT, PAROLES AND PARDONS

CHAPTER 127. OFFICERS AND INMATES OF PENAL AND REFORMATORY INSTITUTIONS. PAROLES AND PARDONS

PERMITS TO BE AT LIBERTY AND DISCHARGE

**Chapter 127: Section 129C Confinement in prison camp; deduction of sentence for good conduct**

Section 129C. For the satisfactory conduct of a prisoner confined in a prison camp, the commissioner may grant, in addition to the deductions of sentence provided under section one hundred and twenty-nine, a further deduction of sentence of not more than two and one half days for each month while confined in a prison camp. Such further deduction of sentence shall be added to any deduction to which the prisoner is entitled under section one hundred and twenty-nine for computing the minimum term of sentence for release on parole as authorized by section one hundred and thirty-three, or for reducing the term of imprisonment by deduction from the maximum term for which he may be held under his sentence or sentences. A prisoner whose term of imprisonment is reduced shall receive from the commissioner a certificate of discharge on the date which has been determined by such additional deduction from the maximum term of his sentence or sentences.

Return to:

** Next Section ** Previous Section ** Chapter Table of Contents ** Legislative Home Page

10

# GENERAL LAWS OF MASSACHUSETTS

PART I.
ADMINISTRATION OF THE GOVERNMENT

TITLE XVIII.
PRISONS, IMPRISONMENT, PAROLES AND PARDONS

**CHAPTER 127.** OFFICERS AND INMATES OF PENAL AND REFORMATORY INSTITUTIONS. PAROLES AND PARDONS

PERMITS TO BE AT LIBERTY AND DISCHARGE

**Chapter 127: Section 129D Work, educational, vocational training and rehabilitation programs; deduction of sentence for good conduct; reduction of good conduct credit for abuse of judicial process**

Section 129D. For the satisfactory conduct of a prisoner while confined at a correctional institution of the commonwealth, or any jail or house of correction, but working at a state hospital or state school, satisfactory completion of an educational program leading to the award of a high school equivalency certificate, satisfactory performance of said prisoner in completion of any other educational sequence or any vocational training program established within or without the institution, satisfactory performance of said inmate when he is employed on work-release or in a prison industry, or satisfactory performance of said inmates in any other program or activity which the superintendent of the institution shall deem valuable to said prisoner's rehabilitation, the commissioner may grant, in addition to the deductions of sentence provided under sections one hundred and twenty-nine and one hundred and twenty-nine C, a further deduction of sentence of not more than two and one-half days per program or activity for each month while said prisoner is working in a state hospital or school, on work-release or working in a prison industry, or partaking in any of the said programs or activities as aforesaid; provided, however, that in no event shall said deductions exceed a maximum monthly total of seven and one-half days. Such further deduction of sentence shall be added to any deduction to which the prisoner is entitled under said sections one hundred and twenty-nine and one hundred and twenty-nine C for reducing the term of imprisonment by deduction from the maximum term for which he may be held under his sentence or sentences, and for reducing from the minimum term of the sentence or sentences the good conduct credits earned under this section for parole eligibility as provided under section one hundred and thirty-three.

A prisoner whose term of imprisonment is reduced from the maximum term for which he may be held under his sentence or sentences shall receive from the commissioner a certificate of discharge on the date which has been determined by such additional deductions from the maximum term of his sentence or sentences.

Good conduct credit earned or to be earned under this section or section 129C shall be subject to reduction by order of the court upon a finding that a claim or action brought by a prisoner was frivolous and filed in bad faith in order to abuse the judicial process or upon a determination that an inmate intentionally and in bad faith in order to abuse the judicial process has misrepresented or omitted material information in an affidavit submitted under section 29 of chapter 261.



# GENERAL LAWS OF MASSACHUSETTS

PART IV.
CRIMES, PUNISHMENTS AND PROCEEDINGS IN CRIMINAL CASES

TITLE I.
CRIMES AND PUNISHMENTS

CHAPTER 265. CRIMES AGAINST THE PERSON

**Chapter 265: Section 15A Assault and battery with dangerous weapon; victim sixty or older; punishment; subsequent offenses**

Section 15A. (a) Whoever commits assault and battery upon a person sixty years or older by means of a dangerous weapon shall be punished by imprisonment in the state prison for not more than ten years or by a fine of not more than one thousand dollars or imprisonment in jail for not more than two and one-half years.

Whoever, after having been convicted of the crime of assault and battery upon a person sixty years or older, by means of a dangerous weapon, commits a second or subsequent such crime, shall be punished by imprisonment for not less than two years. Said sentence shall not be reduced until two years of said sentence have been served nor shall the person convicted be eligible for probation, parole, furlough, work release or receive any deduction from his sentence for good conduct until he shall have served two years of such sentence; provided, however, that the commissioner of correction may, on the recommendation of the warden, superintendent, or other person in charge of a correctional institution, or the administrator of a county correctional institution, grant to said offender a temporary release in the custody of an officer of such institution for the following purposes only: to attend the funeral of next of kin or spouse; to visit a critically ill close relative or spouse; or to obtain emergency medical services unavailable at said institution. The provisions of section eighty-seven of chapter two hundred and seventy-six relating to the power of the court to place certain offenders on probation shall not apply to any person seventeen years of age or over charged with a violation of this subsection.

(b) Whoever commits an assault and battery upon another by means of a dangerous weapon shall be punished by imprisonment in the state prison for not more than 10 years or in the house of correction for not more than 21/2 years, or by a fine of not more than $5,000, or by both such fine and imprisonment.

(c) Whoever:

(i) by means of a dangerous weapon, commits an assault and battery upon another and by such assault and battery causes serious bodily injury;

(ii) by means of a dangerous weapon, commits an assault and battery upon another who is pregnant at the time of such assault and battery, knowing or having reason to know that the person is pregnant;

(iii) by means of a dangerous weapon, commits an assault and battery upon another who he knows has an outstanding temporary or permanent vacate, restraining or no contact order or judgment

*12*

issued pursuant to section 18, section 34B or section 34C of chapter 208, section 32 of chapter 209, section 3, 4 or 5 of chapter 209A, or section 15 or 20 of chapter 209C, in effect against him at the time of such assault and battery; or

(iv) is 17 years of age or older and, by means of a dangerous weapon, commits an assault and battery upon a child under the age of 14;

shall be punished by imprisonment in the state prison for not more than 15 years or in the house of correction for not more than 2 1/2 years, or by a fine of not more than $10,000, or by both such fine and imprisonment.

(d) For the purposes of this section, ""serious bodily injury" shall mean bodily injury which results in a permanent disfigurement, loss or impairment of a bodily function, limb or organ, or a substantial risk of death.

Return to:

** **Next Section** ** **Previous Section** ** **Chapter Table of Contents** ** **Legislative Home Page**

13

# GENERAL LAWS OF MASSACHUSETTS

PART IV.
CRIMES, PUNISHMENTS AND PROCEEDINGS IN CRIMINAL CASES

TITLE I.
CRIMES AND PUNISHMENTS

CHAPTER 265. CRIMES AGAINST THE PERSON

**Chapter 265: Section 19 Robbery by unarmed person; punishment; victim sixty or older; minimum sentence for repeat offenders**

Section 19. (a) Whoever, not being armed with a dangerous weapon, by force and violence, or by assault and putting in fear, robs, steals or takes from the person of a person sixty years or older, or from his immediate control, money or other property which may be the subject of larceny, shall be punished by imprisonment in the state prison for life or for any term of years.

Whoever, after having been convicted of said crime, commits a second or subsequent such crime, shall be punished by imprisonment for not less than two years. Said sentence shall not be reduced until two years of said sentence have been served nor shall the person convicted be eligible for probation, parole, furlough, work release or receive any deduction from his sentence for good conduct until he shall have served two years of such sentence; provided, however, that the commissioner of correction may, on the recommendation of the warden, superintendent, or other person in charge of a correctional institution, or the administrator of a county correctional institution, grant to said offender a temporary release in the custody of an officer of such institution for the following purposes only: to attend the funeral of next of kin or spouse; to visit a critically ill close relative or spouse; or to obtain emergency medical services unavailable at said institution. The provisions of section eighty-seven of chapter two hundred and seventy-six relative to the power of the court to place certain offenders on probation shall not apply to any person seventeen years of age or over charged with a violation of this subsection.

(b) Whoever, not being armed with a dangerous weapon, by force and violence, or by assault and putting in fear, robs, steals or takes from the person of another, or from his immediate control, money or other property which may be the subject of larceny, shall be punished by imprisonment in the state prison for life or for any term of years.

Return to:

** Next Section ** Previous Section ** Chapter Table of Contents ** Legislative Home Page

14

# GENERAL LAWS OF MASSACHUSETTS

## PART IV.
## CRIMES, PUNISHMENTS AND PROCEEDINGS IN CRIMINAL CASES

## TITLE II.
## PROCEEDINGS IN CRIMINAL CASES

CHAPTER 279. JUDGMENT AND EXECUTION

**Chapter 279: Section 8 Commitments upon two or more sentences**

Section 8. A convict upon whom two or more sentences to imprisonment are imposed may be fully committed upon all such sentences at the same time, and shall serve them in the order named in the mittimuses upon which he is committed; but when fine and imprisonment are named in one of the sentences the prisoner shall always be committed upon the term sentence first.

Return to:

\*\* Next Section \*\* Previous Section \*\* Chapter Table of Contents \*\* Legislative Home Page

15

# GENERAL LAWS OF MASSACHUSETTS

## PART IV.
## CRIMES, PUNISHMENTS AND PROCEEDINGS IN CRIMINAL CASES

### TITLE II.
### PROCEEDINGS IN CRIMINAL CASES

CHAPTER 279. JUDGMENT AND EXECUTION

**Chapter 279: Section 24 Indeterminate sentence to state prison**

Section 24. If a convict is sentenced to the state prison, except for life or as an habitual criminal, the court shall not fix the term of imprisonment, but shall fix a maximum and a minimum term for which he may be imprisoned. The maximum term shall not be longer than the longest term fixed by law for the punishment of the crime of which he has be convicted, and the minimum term shall be a term set by the court, except that, where an alternative sentence to a house of correction is permitted for the offense, a minimum state prison term may not be less than one year.

Return to:

** **Next Section** ** **Previous Section** ** **Chapter Table of Contents** ** **Legislative Home Page**



16

*Truth In Sentencing Act:*
*Chapter 432 - Sections 1-21*
*Effective 7-1-94*

**Chap. 430**

which is on file by the chief engineer of the department of highways.

Approved January 11, 1994.

**Chapter 431. AN ACT RELATIVE TO REDUCTION IN FORCE FOR CERTAIN EMPLOYEES OF THE FIRE FORCE OF THE TOWN OF CHELMSFORD.**

*Be it enacted, etc., as follows:*

SECTION 1. Chapter 47 of the acts of 1990 is hereby amended by striking out section 1 and inserting in place thereof the following section:-
*Section 1.* Notwithstanding the provisions of any general or special law to the contrary, but subject to the provisions of the sixth paragraph of section twenty-six of chapter thirty-one of the General Laws, if permanent employees of the fire force of the town of Chelmsford serving in any position in a title above the lowest title on such force are to be separated from such positions because of lack of money or abolition of such positions, they shall be separated from such positions according to their seniority in such title based on their length of service after permanent promotion in such force and shall be reinstated to such positions held by them according to such seniority and, for the purposes of separation of permanent employees from service on such fire force, seniority shall be based on length of service by title in the fire force of said town, excluding service in any other departmental unit of the town of Chelmsford or any other city or town and shall be reinstated in said fire force according to such seniority.
SECTION 2. This act shall take effect upon its passage.

Approved January 11, 1994.

**Chapter 432. AN ACT TO PROMOTE THE EFFECTIVE MANAGEMENT OF THE CRIMINAL JUSTICE SYSTEM THROUGH TRUTH-IN SENTENCING.**

*Be it enacted, etc., as follows:*

SECTION 1. (a) There is established, as an independent commission in the judicial branch of the commonwealth, a Massachusetts sentencing commission which shall consist of nine voting members and six non-voting members. The governor shall appoint the voting members of the commission, and shall designate one member as chairman. Three of the voting members shall be present district court, Boston municipal court or superior court department judges, selected from a list of seven judges recommended by the chief justice for administration and management, and at least one district court judge or Boston municipal

Chap. 432

court and one superior court judge shall be appointed. Two of the voting members shall be an assistant district attorney, selected from a list of seven assistant district attorneys recommended by the Massachusetts District Attorneys' Association. One of the voting members shall be an assistant attorney general, selected from a list of three assistant attorneys general recommended by the attorney general. Two of the voting members shall be members of the Massachusetts Association of Criminal Defense Attorneys, selected from a list of five such members recommended by the Massachusetts Association of Criminal Defense Attorneys. One voting member shall be a public defender, selected from a list of three public defenders recommended by the committee for public counsel services. The non-voting members shall be the commissioner of corrections, or his designee; the commissioner of probation, or his designee; and the secretary of public safety, or his designee; the chairman of the Massachusetts Parole Board, or his designee; the President of the Massachusetts Sheriffs Association or his designee; a victim witness advocate selected by the victim witness board.

The chairman and the members of the commission shall be subject to removal from the commission by the governor only for neglect of duty or malfeasance in office or for a showing of other good cause.

(b) (1) The voting members of the Commission shall be appointed for six-year terms; provided, however, that the initial terms of the first members of the commission shall be staggered so that four members, including the chairman, serve terms of six years; three members serve terms of four years; and two members serve terms of two years. Terms of those members appointed by their public office or position shall and when the member leaves that public office or position, and a successor shall be appointed in the prescribed manner.

(2) No voting member may serve more than two full terms. A voting member appointed to fill a vacancy which occurs before the expiration of the term for which his predecessor was appointed shall be appointed only for the remainder of such term.

(3) Members of the commission shall serve without compensation, but each member shall be reimbursed by the commonwealth for all reasonable expenses incurred in the performance of official duties.

(4) Judges may serve on the commission and not be required to resign their appointment as judge.

(c) The commission shall have the power to perform such functions as may be necessary to carry out the purposes of this chapter, and may delegate to any member or designated person such powers as may be appropriate to the accomplishment of the duties of the commission as set forth below. In particular, the commission shall:

(1) appoint and fix the salary and duties of a director and other personnel, who shall serve at the discretion of the commission;

(2) submit appropriations requests to the secretary of administration and finance;