**Chap. 432**

(3) utilize, with their consent, the services, equipment, personnel, information, and facilities of Federal, State, local, and private agencies and instrumentalities with or without reimbursement therefor;

(4) enter into and perform such contracts, leases, cooperative agreements, and other transactions as may be necessary in the conduct of the functions of the commission, with any public agency, or with any person, firm, association, corporation, educational institution, or nonprofit organization;

(5) accept and employ, in carrying out the provisions of this title, voluntary and uncompensated services;

(6) request such information, data, and reports from any Massachusetts agency or judicial officer as the commission may from time to time require and as may be produced consistent with other law;

(7) serve as a clearinghouse for the collection, preparation, and dissemination of information on sentencing practices and assist courts, departments, and agencies in the development, maintenance, and coordination of sound sentencing practices;

(8) make recommendations to the legislature concerning modification or enactment of laws relating to crimes, sentencing, and correctional matters, as well as recommendations concerning programatic, budgetary and capital matters that the commission finds to be necessary and advisable to carry out the purposes of this act;

(9) hold hearings and call witnesses to assist the Commission in the exercise of its powers or duties.

(d) The commission shall act by affirmative vote of at least five of its voting members.

(e) Upon the request of the commission, each agency and department of the commonwealth is hereby authorized and directed to make its services, equipment, personnel, facilities and information available to the greatest practicable extent to the commission in the execution of its functions. The commission shall, to the extent practicable, utilize existing resources of the administrative office of the Massachusetts courts for the purpose of avoiding unnecessary duplication.

(f) Except as otherwise provided by law, the Commission shall maintain and make available for public inspection a record of the final vote of each member on any action taken by it.

(g) The director shall supervise the activities of persons employed by the commission and perform other duties assigned to the director by the commission. The director shall, subject to the approval of the commission, appoint such officers and employees as are necessary in the execution of the functions of the commission.

SECTION 2. The purposes of the Massachusetts sentencing commission shall be to recommend sentencing policies and practices for the commonwealth which:

(1) punish the offender justly;

(2) secure the public safety of the commonwealth by providing a swift and sure response to the commission of crime;

19

(3) meet the purposes of sentencing which are:
(A) to reflect the seriousness of the offense;
(B) to promote respect for the law;
(C) to provide just punishment for the offense;
(D) to afford adequate deterrence to criminal conduct;
(E) to protect the public from further crimes of the defendant; and
(F) to provide the defendant with educational or vocational training;

(4) provide certainty and fairness in sentencing, avoiding unwarranted sentencing disparities among defendants with similar criminal records who have been found guilty of similar criminal conduct, while maintaining judicial discretion and sufficient flexibility to permit individualized sentences warranted by mitigating or aggravating factors;

(5) promote truth in sentencing, in order that all parties involved in the criminal justice process, including the prosecution, the defendant, the court, the victim and the public, are aware of the nature and length of the sentence and basis of it;

(6) ration correctional capacity and other criminal justice resources to sentences imposed, making said rationing explicit, rational and coherent, in order to:

(a) afford sufficient correctional capacity to incarcerate violent offenders consistent with paragraph one;

(b) evaluate, on a yearly basis, the performance of said rationing, making appropriate remedial recommendations consistent with subparagraph (8) of paragraph (c) of section one;

(c) prevent the prison population in the commonwealth from exceeding the capacity of the prisons, and to prevent premature release for any other reason, and to serve the ends of truth in sentencing by taking into account, in establishing sentencing policies and practices for the commonwealth, the nature and capacity of correctional facilities and community sanctions available in the commonwealth consistent with protecting public safety;

(7) encourage the development and implementation of intermediate sanctions in appropriate cases as a sentencing option, consistent with protecting public safety;

(8) enhance the value of criminal sanctions and ensure that the criminal penalties imposed are the most appropriate ones by encouraging the development of a wider array of criminal sanctions;

(9) make offenders accountable to the community for their criminal behavior, through community service, restitution, and a range of intermediate sanctions;

(10) evaluate the impact, if any, of the repeal of section one hundred and twenty-nine of chapter one hundred and twenty-seven of the General Laws on correctional facility capacity for the purpose of sentencing;

(11) nothing contained in this section shall be construed as creating any right of action.

SECTION 3. (a) (1) The commission, by affirmative vote of at least six members of the commission, and consistent with all pertinent provisions of this act and the General Laws, except as hereinafter provided, shall recommend sentencing guidelines.

20

**Chap. 432**

(2) The sentencing guidelines shall be used by the district and superior courts of the commonwealth, and the Boston municipal court, in imposing a sentence in every criminal case. Said sentence shall not be suspended in whole or in part. The sentencing judge shall impose a sentence within a range prescribed by the sentencing guidelines for every offense, unless the sentencing judge sets forth in writing reasons for departing from that range, on a sentencing statement as set forth in paragraph (h) of section three herein, based on a finding that there exists one or more aggravating or mitigating circumstances that should result in a sentence different from the one otherwise prescribed by the guidelines. The commission shall establish non-exclusive aggravating and mitigating circumstances to guide the sentencing judge, as set forth in paragraph (d) of section three. In the absence of an applicable sentencing guideline the court shall impose an appropriate sentence, having due regard for the purposes set forth in section two.

(3) The sentencing guidelines shall be based on reasonable offense characteristics, taking into account the nature and seriousness of each offense, and reasonable offender characteristics taking into account the offender's character, background, amenability to correction, and criminal history and the availability of the commonwealth's criminal justice and public safety resources.

For every criminal offense under the laws of the commonwealth, the guidelines shall establish:

(A) The circumstances, if any, under which the imposition of intermediate sanctions may be proper, and the circumstances under which imprisonment may be proper.

(B) Appropriate intermediate sanctions for offenders for whom straight imprisonment may not be necessary or appropriate. In establishing such intermediate sanctions, the commission shall make specific reference to noninstitutional sanctions, including but not limited, to standard probation, intensive supervision probation, community service, home confinement, day reporting, residential programming, restitution and means-based fines.

(C) A target sentence for offenders for whom an intermediate sanction may not be appropriate based on a combination of reasonable offense and offender characteristics for each offense, and the adequacy of the commonwealth's criminal justice and public safety resources. The guidelines shall provide that, for each target sentence, the sentencing judge may impose a maximum sentence within a range to be established by the commission for each offense, and a minimum sentence of two-thirds of the maximum sentence; provided, however, that for target sentences of two years or greater the range may not be greater than twenty percent greater or less than the target sentence; and provided, further, that for target sentences of less than two years, the sentencing judge may impose an intermediate sanction. Within that range, the sentencing court may impose any sentence without stating its reasons therefor.

The commission shall act consistent with the need for flexibility, expeditious administration, case-flow management and resources of the trial court departments in sentencing guidelines.

21

Chap. 432

(D) The circumstances, which shall not be considered exclusive, under which a sentencing judge may depart upward or downward from the range otherwise prescribed by the guidelines.

(b) The commission shall adopt, in conjunction with the sentencing guidelines, general policy statements, which shall be used in interpreting the guidelines.

(c) In its development of the sentencing guidelines, the commission shall conduct an empirical study in order to ascertain, to the extent practical, a survey of those individuals appearing before the commonwealth's criminal courts, and those committed to probation, prison and jail. It should also include the average sentences imposed for all offenses prior to the promulgation by the commission of the sentencing guidelines, and the length of prison terms actually served in such cases. The commission shall not be bound by such average sentences, and shall independently develop a sentencing range that is consistent with the purposes of sentencing described in section two; provided, however, that the commission shall assure that the target sentences established for each offense shall not be higher than the averages determined herein, solely because of the repeal of "good time" as set forth in section eight A of this act. The commission shall utilize this data and develop any other data it deems necessary, in order to assess the impact of the sentencing guidelines and carry out the purposes set forth in said section two.

(d) In establishing non-exclusive aggravating and mitigating circumstances pursuant to subparagraph (2) of paragraph (a) of section three, the commission shall determine whether the following kinds of factors, among others, are relevant, and shall take such factors into account only to the extent that it deems to be relevant:

(1) factors which describe the nature and circumstances of the offense conduct;
(2) factors which describe the offender's mental state at the time of the offense;
(3) factors which describe the relationship, if any, between the offender and victim;
(4) factors which describe the nature and degree of the harm caused by the offense;
(5) the community view of the gravity of the offense;
(6) the public concern generated by the offense;
(7) the deterrent effect a particular sentence may have on the commission of the offense by others;
(8) the current incidence of the offense in the community and in the commonwealth as a whole;
(9) the role in the offense of each offender in cases involving multiple offenders;
(10) the age of the offender;
(11) the mental and emotional condition of the offender, to the extent that such condition mitigates the defendant's culpability or to the extent that such condition is otherwise plainly relevant;
(12) the offender's physical condition, including drug dependence;
(13) the offender's family ties and responsibilities;
(14) the offender's community ties;

Chap. 432

(15) the offender's degree of dependence upon criminal activity for a livelihood;
(16) the offender's character and personal history; and
(17) the offender's amenability to correction, treatment, or supervision.

(e) The maximum sentence within the range established by the sentencing guidelines for each offense shall not exceed the maximum penalty for the offense as set forth in the General Laws. The minimum sentence within said range shall not be below any mandatory minimum term prescribed by statute. However, except for the crimes set forth in section one of chapter two hundred and sixty-five of the General Laws, the sentencing judge may depart from said range, and impose a sentence below any mandatory minimum term prescribed by statute, if the judge sets forth in writing reasons for departing from that range, on a sentencing statement as set forth in paragraph (h) of section three, based on a finding that there exists one or more mitigating circumstances that should result in a sentence different from the one otherwise prescribed by the guidelines and below any applicable mandatory minimum term.

The commission shall assure that the guidelines are entirely neutral as to the race, sex, national origin, creed, religion and socio-economic status of offenders.

(f) The commission periodically shall assess the impact of the sentencing guidelines in order to determine the type and amount of correctional resources needed. In particular, the commission shall examine the impact of said guidelines on intermediate sanctions and correctional institutions and may consult with all appropriate authorities for this purpose. Beginning in the year after the sentencing guidelines become law, but no later than May first, the following persons shall submit comments and recommendations to the commission regarding the implementation and impact of the sentencing guidelines: The governor's chief legal counsel; the commissioner of probation; the chairman of the parole board; every district attorney; the chief counsel of the committee for public counsel services; the commissioner of corrections; the chief justices of the superior court, district court, and Boston municipal court; the attorney general; and the Massachusetts Association of Criminal Defense Attorneys.

(g) Beginning in the calendar year following the effective date of the sentencing guidelines, the commission, at or after the beginning of a regular session of the legislature, but not later than the first day of October, may promulgate and submit to the legislature amendments to the sentencing guidelines. Such amendments shall be accompanied by a report stating the reasons therefor. The amendments to the guidelines shall only take effect if enacted into law.

(h) The commission shall promulgate the form of a sentencing statement, conforming to the sentencing guidelines, which shall be used by the sentencing judge in the application of the guidelines when imposing a sentence. The sentencing statement shall be simple and easy to complete. The sentencing judge shall complete the statement for every sentence imposed. One copy of the sentencing statement shall be included in the case file, and one copy shall be forwarded by the court to the commissioner, which shall be used by the commission to submit to the legislature, at least annually, an analysis of sentencing patterns under the guidelines.

1304

23

Chap. 432

(i) Any inmate sentenced to a state or county correctional facility prior to the effective date of the sentencing guidelines shall be subject to the law, regulation and rules governing the issuance of parole and the supervision of parole at the time the offense was committed.

(j) Those persons sentenced to a term of imprisonment as prescribed by the sentencing guidelines established by the Sentencing Commission may be eligible for parole after serving the minimum sentence imposed, less credit for deductions for good conduct earned under section one hundred and twenty-nine D of chapter one hundred and twenty-seven of the General Laws.

(k) The provisions of the General Laws relating to publication and public hearing procedure, shall apply to the promulgation of guidelines pursuant to this section.

For the purposes of this act, the words intermediate sanction shall mean any of a number of sanctions which are served or satisfied by the offender within the community in which the offender committed the offense or in the community in which the offender resides and may include, but shall not be limited to, standard probation, intensive supervision probation, community service, home confinement, day reporting, residential programming, restitution and means-based fines; provided, however, that in no event shall a state employee be replaced by an offender serving an intermediate sanction.

SECTION 4. (a) A defendant may file a notice of appeal for review of an otherwise final sentence if:

(1) the sentence was imposed in violation of law; or

(2) the sentence was imposed as a result of an incorrect application of the sentencing guidelines; or

(3) the departure upward from the applicable guideline range was an abuse of discretion; or

(4) the sentence was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

(b) The commonwealth, with the personal approval of the attorney general or a district attorney, may appeal an otherwise final sentence if:

(1) the sentence was imposed in violation of law;

(2) the sentence was imposed as a result of an incorrect application of the sentencing guidelines;

(3) the departure downward from the applicable guideline range was an abuse of discretion; or

(4) the sentence was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

(c) In the case of a plea agreement entered into pursuant to Rule twelve of the Massachusetts rules of criminal procedure.

(1) a defendant may not appeal a sentence unless the sentence imposed is greater than the sentence prescribed by the sentencing guidelines; and

24

Chap. 432

(2) the commonwealth may not appeal a sentence unless the sentence imposed is less than the sentence prescribed by the sentencing guidelines.

(3) a sentence imposed by the court in accordance with the recommendation of either the defendant or the commonwealth may not be appealed by the party which made the recommendation; and a sentence imposed in accordance with a jointly-agreed recommendation may not be appealed by either the defendant or the commonwealth.

(d) Appeals from sentences imposed under the sentencing guidelines shall be conducted in accordance with the Massachusetts rules of appellate procedure.

(e) If imprisonment is imposed, the entry of an appeal under the provisions of this section shall not stay the execution of the sentence unless the judge imposing it, upon a showing of a reasonable likelihood of success, finds that execution of the sentence should be stayed pending final determination of the appeal.

SECTION 5. The Massachusetts sentencing commission shall submit the initial sentencing guidelines promulgated under this act to the general court within twelve months after the effective date of this act unless the date for submission is extended by law. The guidelines shall take effect only if enacted into law.

SECTION 6. The Massachusetts sentencing commission, the chief justice for administration and management of the trial court, the secretary of health and human services, and the secretary of public safety are hereby authorized and directed to make an investigation and study for submission to the house and senate committees on ways and means, not later then twelve months after the effective date of this act, relative to developing a full range of sentencing options, including but not limited to probation, home confinement, intensive supervision, community service, restitution, day reporting, day fines, other intermediate sanctions, incarceration in the house of correction, and prison. The purpose of such sanctions shall be to enhance public safety and to ensure that persons so committed are:

(*a*) held accountable, in degree or kind, for offense committed,

(*b*) supervised in order to enhance public safety and to ensure that the conditions of sentence or parole are fully complied with and

(*c*) provided opportunities for appropriate treatment and rehabilitation.

Such study shall include:

(*a*) the definition of terms and conditions of each sentencing option;

(*b*) an inventory of existing sentencing options;

(*c*) a plan for the development, implementation, administration, and funding of existing expanded and new sentencing options;

(*d*) a plan to research and evaluate sentencing options;

(*e*) a plan to incorporate rehabilitation services, including but not limited to, drug and alcohol treatment, violence prevention, sex offender programming, job readiness, education and literacy and other human services programs, and a plan for delivery of such services.

SECTION 7. Section 168 of chapter 6 of the General Laws, as appearing in the 1992 Official Edition, is hereby amended by inserting after the word "general", in line 4, the following words:- the chairperson of the Massachusetts sentencing commission.

13*w*3

25

Chap. 432

SECTION 8. Said chapter 6 is hereby further amended by inserting after section 168 the following section:-

Section 168A. The commissioner of probation, the commissioner of corrections, the chairman of the parole board and the county commissioners of counties other than Suffolk county shall transmit to the criminal history systems board in such form and at such times as the board shall require, detailed and complete records relative to all probation and parole cases, and permits to be at liberty granted or issued by them, respectively, the revoking of the same and the length of time served on each sentence of imprisonment by each prisoner so released specifying the institution where each such sentence was served; and under the direction of the board a record shall be kept of all such cases as the board may require. Police officials shall cooperate with the board in obtaining and reporting information concerning persons under the care and custody of the probation department and parole board. The commissioner of probation, commissioner of corrections, chairman of the parole board and commissioner of youth services shall at all times give to the board such information as may be obtained from the records concerning persons under sentence or who have been released.

The information obtained and recorded shall not be regarded as public records and shall not be open for public inspection but shall be accessible to the justices, the departments of probation, corrections, and youth services, the parole board, the Massachusetts sentencing commission, and to such local and state governments as the board may determine. Upon payment of a fee of three dollars for each search, such records shall be accessible to such departments of the federal government and to such educational and charitable corporations and institutions as the board may determine.

SECTION 9. Chapter 6A of the General Laws is hereby amended by inserting after section 18½ the following section:-

Section 18¼. It shall be the function of the secretary of public safety:

(1) to develop and implement, in conjunction with the criminal history systems board, an improved system for recording, updating and communicating among criminal justice agencies of the executive office, and the trial court, the attorney general, the Massachusetts sentencing commission, the county sheriffs, and district attorneys, all criminal offender record information and information relevant to sentencing, probation, community corrections, correctional institutions, rehabilitation, and parole decisions in a manner consistent with law and with the rights of all persons who are subjects of such information;

(2) to develop and implement a criminal justice management information system including the organized collection, storage, retrieval, analysis, and dissemination of information among criminal justice agencies of the executive office of public safety, and the trial court, the attorney general, the Massachusetts sentencing commission, the county sheriffs, and the district attorneys of the seven districts;

(3) to develop and implement a criminal justice research and evaluation program including the organized collection, storage, retrieval and analysis of information in order to monitor and provide oversight of criminal justice agencies of the executive office, and trial court, the attorney general, the Massachusetts sentencing commission, the county sheriffs,

26

Chap. 432

the district attorneys, and the public;
(4) to develop standards for and coordinate training of state and county institutional and other personnel employed by an agency within the executive office of public safety.
(5) to develop and evaluate programs for the economical provision of sufficient state and county correctional resources to maintain public safety, and prevent overcrowding, and to operate criminal justice agencies and facilities safely and efficiently at or below nationally accepted rates of capacity;
(6) to develop improved systems of classification of persons committed to the custody of probation, corrections, county corrections or parole for the purposes of determining supervision treatment and custody needs of such persons, of integrating and coordinating the functions of these agencies, and of balancing the resources and demands of these agencies; and
(7) to develop and evaluate programs designed to reduce the rate of recidivism among persons committed to the custody of state and county correctional institutions, and parole, to better integrate and coordinate the functions of these agencies, and to balance the resources and demands of these agencies.

SECTION 10. Section one hundred and twenty-nine of chapter one hundred and twenty-seven of the General Laws is hereby repealed.

SECTION 11. Said chapter 127 is hereby further amended by striking out section 133, as appearing in the 1992 Official Edition, and inserting in place thereof the following section:-

Section 133. Parole permits may be granted by the parole board to prisoners subject to its jurisdiction at such time as the board in each case may determine; provided, however, that no prisoner sentenced to the state prison shall be eligible for such permit until such prisoner shall have served the minimum term of sentence, pursuant to section twenty-four of chapter two hundred and seventy-nine, as such minimum term of sentence may be reduced by deductions allowed under section one hundred and twenty-nine D. Where an inmate is serving two or more consecutive or concurrent state prison sentences, a single parole eligibility shall be established for all such sentences. Prisoners who are granted parole permits shall remain subject to the jurisdiction of the board until the expiration of the maximum term of sentence or, if a prisoner has two or more sentences to be served otherwise than concurrently, until the aggregate maximum term of such sentence, unless earlier terminated by the board under the provisions of section one hundred thirty A. Sentences of imprisonment in the state prison shall not be suspended in whole or in part.

SECTION 12. Section 133B of said chapter 127, as so appearing, is hereby amended by inserting after the word "seventy-nine", lines 2 and 3, the following words:- except for those persons sentenced to a term of imprisonment as prescribed by the sentencing guidelines established by the sentencing commission,.

SECTION 13. Subparagraph 1 of paragraph D of section 99 of chapter 272 of the General Laws, as appearing in the 1992 Official Edition, is hereby amended by adding the following clause:-

Chap. 432

  e. for investigative or law enforcement officers to violate the provisions of this section for the purposes of ensuring the safety of any law enforcement officer or agent thereof who is acting in an undercover capacity, or as a witness for the commonwealth; provided, however, that any such interception which is not otherwise permitted by this section shall be deemed unlawful for purposes of paragraph P.

  SECTION 14. Section seventeen of chapter two hundred seventy-nine of the General Laws is hereby repealed.

  SECTION 15. Section eighteen of chapter two hundred seventy-nine of the General Laws is hereby repealed.

  SECTION 16. Said chapter 279 is hereby further amended by striking out section 24, as so appearing, and inserting in place thereof the following section:-

  Section 24. If a convict is sentenced to the state prison, except for life or as an habitual criminal, the court shall not fix the term of imprisonment, but shall fix a maximum and a minimum term for which he may be imprisoned. The maximum term shall not be longer than the longest term fixed by law for the punishment of the crime of which he has be convicted, and the minimum term shall be a term set by the court, except that, where an alternative sentence to a house of correction is permitted for the offense, a minimum state prison term may not be less than one year.

  SECTION 17. Section twenty-eight of chapter two hundred seventy-nine of the General Laws is hereby repealed.

  SECTION 18. Section thirty-one of chapter two hundred seventy-nine of the General Laws is hereby repealed.

  SECTION 19. Section thirty-two of chapter two hundred seventy-nine of the General Laws is hereby repealed.

  SECTION 20. Section thirty-three of chapter two hundred seventy-nine of the General Laws is hereby repealed.

  SECTION 21. Sections ten, eleven, fourteen, fifteen, seventeen, eighteen, nineteen, and twenty shall take effect on July first, nineteen hundred and ninety-four. Notwithstanding any other provision of this act, the law in effect at the time an offense is committed shall govern sentencing for said offense.

Approved January 12, 1994.

Chapter 433. AN ACT RELATIVE TO CERTAIN BETTERMENT IN THE CITY OF GLOUCESTER.

*Be it enacted, etc., as follows:*

  Notwithstanding the provisions of section thirteen of chapter eighty of the General Laws or any other general or special law to the contrary, the city of Gloucester is hereby authorized to establish interest on sewer betterment projects completed after nineteen hun-

28