UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                )
CHARLES RAMPINO,                )
        Petitioner,             )
                                )
v.                              )        Civil Action No. 04-12033-PBS
                                )
BERNARD BRADY,                  )
        Respondent.             )
_____)

## MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS

Petitioner, Charles Rampino, is currently serving a twelve-year prison sentence for robbery in the Massachusetts Department of Correction. Petitioner does not challenge the legality of his conviction or sentence, but instead argues that a state statutory provision entitles him to early release from his sentence. Although Petitioner attempts to recast this as a federal claim for purposes of this petition, the issue is simply that Petitioner disagrees with the Massachusetts Supreme Judicial Court about the interpretation of a Massachusetts statute. This is quintessentially a state law issue, and the Supreme Court has emphatically ruled that the power of federal habeas corpus courts does not extend to review of such questions. The petition should be dismissed.

### I.    Prior Proceedings

Although this case has a convoluted procedural history, this motion does not turn on the procedural facts, which will therefore only be set forth briefly. Petitioner was convicted on May 2, 1995, for two crimes that occurred at separate times: an assault and battery with a dangerous weapon[1] that occurred on March 24, 1994, and a robbery[2] that took place on July 14, 1994.

_____

[1]In violation of M.G.L. c. 265, § 15A.

[2]In violation of M.G.L. c. 265, § 19.

Supplemental Appendix at Tab F, p. 6 [hereinafter "Supp. App. at ___:___"].  For the March offense, the court imposed a five to ten year prison sentence, and for the July offense, the court imposed a seven to twelve year sentence.  Supp. App. at F:6.  The sentences were to be served concurrently, and (because of pre-conviction jail time) were deemed to commence on November 30, 1994.  Supp. App. at F:6.

After serving approximately eight years of his sentence, Petitioner began overlapping litigation in three venues to secure release from imprisonment, arguing that he was entitled to the so-called "statutory good time credit," once provided in M.G.L. c. 127, § 129, a provision repealed effective July 1, 1994.  First, Petitioner filed a petition for a (State) writ of habeas corpus in Suffolk Superior Court on March 14, 2003.  Supp. App. at F:1.  That petition was denied on August 7, 2003.  Supp. App. at F:4.[3]  While the Suffolk Superior petition was pending, Petitioner filed another (State) habeas corpus petition with a Single Justice of the Supreme Judicial Court,  Supp. App. at D:4, who denied the petition on July 3, 2003.  Supp. App. at D:27.  The Single Justice's decision was appealed to the full bench of the S.J.C., which affirmed the denial of the petition by opinion issued September 20, 2004.  Supp. App. at B.  In the midst of those State court proceedings, Petitioner filed a petition for habeas corpus in this Court, on July 7, 2003.  Supp. App. at J:1.  This Court dismissed the petition as unexhausted on October 20, 2003, and Petitioner was denied a certificate of appealability to challenge that dismissal.  Supp. App. at J:4-6.

---

[3]Petitioner appealed that order, and it appears that that appeal remains pending in the Appeals Court.  *See* Supp. App. at I.

2

## II.    Petitioner's Claim Was Decided by the S.J.C. on State Statutory Grounds not Reviewable by a Federal Court on Habeas Corpus.

### A.  The S.J.C.'s Decision

Petitioner's claim turns on one question:  does M.G.L. c. 127, § 129, a statute providing so-called "statutory good time credit" for Massachusetts prisoners, apply to his conviction for an offense that took place after the statute was repealed.   The S.J.C. rejected Petitioner's claim in a (straightforward) exercise of statutory interpretation.  *See* Supp. App. as B:1-2.  While Petitioner may disagree with the S.J.C.'s analysis, that Court is the final arbiter of what Massachusetts statutes mean, and Petitioner may not seek to have this Court determine whether the S.J.C. erred in its reading of a Massachusetts statute.

Former M.G.L. c. 127, § 129, provided that well-behaved prisoners would generally receive sentence reductions of up to twelve and one half days for each month of their sentence completed. Section 129 was repealed by Mass. Stat. 1993, ch. 432, § 10, a provision of the law generally known as the "Truth In Sentencing Act."  The repeal was effective July 1, 1994, and the Act specified that the law in effect at the time of the offense would apply to the sentence.  Mass. Stat. 1993, ch. 432, § 21.

Petitioner's two sentences thus were governed by two different statutory regimes.  The ten-year-maximum sentence for assault and battery with a dangerous weapon was[4] subject to the statutory good time reduction mandated  by § 129, since the offense took place March 24, 1994, while the twelve-year-maximum robbery conviction was not subject to § 129, since the offense

---

[4]It appears that Petitioner's sentence for this conviction has now ended, even without any good time credit, since ten years from November 30, 1994, would have been November 30, 2004. *See* Supp. App. at F:6.

occurred on July 14, 1994, after the provision was repealed. Since the Department of Correction has credited Petitioner with approximately seven months of so-called "earned good time,"[5] his current maximum term of imprisonment expires on approximately April 18, 2006. Supp. App. at E:5; F:6-7.

Petitioner apparently accepts that if he had only been convicted of the July 14 offense, he would not be entitled to statutory good time credit under § 129, and that the Department's calculation of his maximum term would be (roughly) correct. But Petitioner argues that § 129 compels "aggregation" of his two concurrent sentences, meaning that reductions applied to his good-time eligible ten-year sentence must be applied equally to his ineligible twelve-year sentence. This argument is neither supported by the text of the provision, nor implicit in the structure of § 129. The statute, explicitly, aggregates consecutive sentences for purposes of establishing the rate of good time reduction (longer sentences receive a higher rate of reduction, so adding up the total time of sentence produces a faster rate of reduction). In accordance with this principle, the S.J.C. has read the statute, where it is ambiguous, to aggregate consecutive sentences (and the consecutive portion of overlapping sentences) in such a way as to treat prisoners subject to multiple short sentences equivalently to those subject to one longer sentence. *See, e.g., Difario v. Commissioner*, 358 N.E.2d 426, 429 (Mass. 1976). But aggregation has no application, as the S.J.C. held here, where the sentences are entirely concurrent. Supp. App. at B:1. Such sentences are calculated separately, and

---

[5]"Earned good time" is discretionary sentence reduction time permitted by, *inter alia*, M.G.L. c. 127, §§ 129C and 129D for participation in certain institutional programs. These provisions were not repealed by the Truth In Sentencing Act, and the Department has credited Petitioner with 225 days of earned good time credit, through January 7, 2003. Supp. App. at F:7. Although Petitioner claims that he is now entitled to 242 days of such credit, this possible seventeen-day discrepancy does not affect the question presented here--whether Petitioner is currently entitled to be released from confinement.

the good time credits for one sentence do not apply to the other. *Id*.[6]

### B. The S.J.C.'s Statutory Construction is not Reviewable on Habeas Corpus

The Supreme Court has prescribed, quite forcefully, a policy against using federal habeas corpus proceedings to review purported errors of state law:

> Such an inquiry . . . is no part of a federal court's habeas review of a state conviction. We have stated many times that "federal habeas corpus relief does not lie for errors of state law."  Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.

*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Under this doctrine, as the First Circuit has held in a similar context, federal habeas corpus courts are "not to second-guess the state court as to what substantive guarantees the Commonwealth's statutory and regulatory mosaic provided under the particular circumstances," but instead are required to respect the authoritative interpretations of those courts as to Massachusetts law.  *Hamm v. Latessa*, 72 F.3d 947, 954-55 (1st Cir. 1995), *cert. denied*, 519 U.S. 856 (1996) (federal habeas court erred in disregarding state court's construction of parole eligibility statute for purposes of determining whether petitioner had liberty interest in parole hearing).

Accepting, as this Court must, the substantive ruling of the S.J.C. that former M.G.L. c. 127, § 129, created no entitlement to statutory good time credit, it is clear that Petitioner has stated no

---

[6]Indeed, it is unclear what "aggregation" would mean in this context, since Petitioner does not propose to add his sentences together for any purpose; Petitioner merely wants his statutory credits earned on one sentence applied to another sentence not eligible for such credit. Rather than treating equivalent prisoners equivalently, this simply provides prisoners serving otherwise ineligible sentences to windfall sentence reductions, based upon the fact that they committed another crime before July 1, 1994.  Ultimately, Petitioner's argument about the meaning of § 129 helps him little, in any case, since even if Petitioner was correct that § 129 required aggregation, the provision (and thus any aggregation requirement it contained) were repealed before the conduct for which Petitioner was sentenced took place.

cognizable federal claim. There is no federal constitutional right to good time credit. *Wolff v. McDonnell*, 418 U.S. 539, 556-57. While a federal claim may exist where a state grants such credit to a prisoner and then revokes it without proper procedural protections, *id*. at 557, a prerequisite to such a federal claim is that the state substantive law creates such credit. Here, Petitioner's claim is based upon the premise that the S.J.C. interpreted a Massachusetts statute incorrectly, an argument this Court is not empowered to entertain:

> Whether state statutes shall be construed one way or another is a state question, the final decision of which rests with the courts of the State. The due process of law clause in the Fourteenth Amendment does not take up the statutes of the several States and make them the test of what it requires; nor does it enable this Court to revise the decisions of the state courts on questions of state law.

*Hebert v. Louisiana*, 272 U.S. 312, 316 (1926), *quoted by Hamm*, 72 F.3d at 954.

## Conclusion

_____Petitioner fails to state cognizable federal claim upon which this Court could grant relief. The petition should be dismissed.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL


/s/ David M. Lieber
David M. Lieber (BBO# 653841)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts  02108
(617) 727-2200 ext.2827

Dated:  December 20, 2004          ATTORNEYS FOR RESPONDENT