UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04-CV-12033-PBS

CHARLES RAMPINO,
          PETITIONER,

V.

BERNARD BRADY,
          RESPONDENT.

MOTION TO PARTIALLY WITHDRAW
MOTION TO COMPEL PRODUCTION
OF SUPPLEMENTAL APPENDIX

The Petitioner, Charles Rampino, moves this Court to allow him to withdraw part of the MOTION TO COMPEL PRODUCTION OF THE SUPPLEMENTAL APPENDIX filed by him and dated 12-22-04.

In support of the above, the petitioner states that since the filing of his Motion To compel, he did receive on 12-27-04, the SUPPLEMENTAL APPENDIX, but, it just so happened to be conveniently incomplete.

Due to the fact that the SUPPLEMENTAL APPENDIX received was incomplete, the Petitioner moves this Court to issue an order directing the respondent to file with this Court and serve upon the Petitioner, a true and correct copy of the supplemental appendix without any conveniently ommitted pages of the State Court Pleadings , Proceedings or Treatise that were filed in the State Court and are part of the official record.

In support of the above, the petitioner states that the SUPPLEMENTAL APPENDIX filed in this Court and served upon the petitioner by the respondent inappropiately ommitted certain pages from the official record that was filed in State Court, and these ommitted pages would shed light on the petitioner's federal claims and to the fact that Concurrent Sentences are subject to aggregation(Treatise missing page). This fraudulent conduct on the Respondent's behalf should not be tolerated by this Honorable Court.

The Petitioner, Charles Rampino, further moves this Honorable Court, in the interest of justice, to file an official complaint with the Board Of Bar Overseers and/or Sanction and/or Reprimand the Respondent's Counsel that his alleged misconduct, trickery and/or fraud that he has allegedly committed upon this Honorable Court and the Petitioner, cannot and will not be tolerated.

In support of the above alleged misconduct, trickery and/or fraud that the Respondent's Counsel has committed upon this Honorable Court and the Petitioner, by his filing of the Supplemental appendix with ommited pages of the State Court official record, the Petitioner states that it is in his belief that the ommitted pages were intentionally ommitted to misdirect this Honorable Court and to shed darkness upon the Petitioner's Constitutional claims and position that Concurrent Sentences of imprisonment are indeed subject to aggregation, and that Good-Time Credits are not statutorily prohibited from being applied to the sentences of which the charges the Petitioner was convicted, and also for other reasons. It is the Pet's belief that the alleged preceding claims were done intentionally to give the Respondent's position the upper hand in this matter and in total disregard of the oath the respondent's Counsel took when he became a member of the court and said alleged violations clearly violate the code of ethics he is suppose to adhere too, and to boot, he is an officer of the Massachusetts Attorney General's Office. If this behavior is allowed to go unanswered, what kind of message would that send ? It would clearly degrade the integrity of this Honorable Court. Thus, some kind of explanation should be required on the Respondent's Counsel behalf.

There are approximately 24 missing pages at various locations throughout the Supplemental Appendix, most of which coincidently shed light upon the Petitioner's Federal Habeas Claims. The missing 24 pages are as follows:

    TAB C). 3,4,20,21,22,23,24;

    TAB D). 19,32,33,40,41,42,43;

TAB G). ii, 1,2,3,4,12,22

TAB H). 22

What is interesting to note is that the missing pages at TAB C). 3 & 4, just so happen to be the summary of the petitioner's argument in his State Court Brief, which setforth his Federal Constitutional Claims, and at TAB C). 22, this missing page of the State Court Brief setsforth that Good-Time Credits are not prohibited from being applied to any sentence he received for a conviction under certain criminal statutes. At TAB D). 32,33, these missing pages setforth the Petitioner's DUE PROCESS CLAIM that was part of his motion for reconsideration in State Court, with three citations to Supreme Court Precedent. At TAB G). is the Petitioner's Reply Brief, the missing pages here (ii), setforth the table of authorities that the Petitioner relied upon to support his claims, at pages 1,2,3,4, is the beginning of the Petitioner's Reply Brief. What's truly interesting to note that the missing pages at TAB). G22 and TAB H22, are the same exact pages filed at different times in State Court, the reason for this was that the Reply Brief contained unreadable pages, so the Petitioner reduced the text of the page and refiled them as Supplemental Addendum to the Reply Brief, these two pages show that CONCURRENT SENTENCES are aggregated for certain reasons. Theres just too much of too many coincidences, that all these missing pages support the Claims raised by the petitioner, some kind of explanation should be required by the respondent's Counsel, David M. Lieber (BBO#653841), showing why there are so many ommitted pages in the Supplemental Appendix he prepared and filed with this Court and served upon the Petitioner. Only then could this Court try and figure out what's really going on, it could be nothing, but then again there could be serious acts of misconduct.

(3)

WHEREFORE, for all of the above reasons, the Petitioner prays that this Honorable Court issue the following orders:

1. That the Respondent be required to file a True and Correct copy of the Supplemental Appendix with the Court within 7 days.

2. That the Respondent's Counsel be required to file an explanation of why there are so many ommitted pages in the Supplemental Appendix.

3. That the Respondent's Counsel be reprimanded and/or sanctioned and/or an official Complaint be filed with the Board of Bar Overseers by this Honorable Court.

Respectfully submitted,

CHARLES RAMPINO PRO SE

Dated 12-27-04

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above motion was served upon the Respondent's Counsel by first class pre-paid mail at the following address: DAVID LIEBER, AAG, ONE ASHBURTON PLACE, BOSTON, MA 02108, ON THIS 27TH DAY OF DECEMBER 2004.

CHARLES RAMPINO

(4)