UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04-CV-12033-PBS

CHARLES RAMPINO,
         PETITIONER,

V.

BERNARD BRADY,
         RESPONDENT.

## OPPOSITION TO MOTION TO DISMISS

Petitioner, Charles Rampino, moves this Court to deny the Respondent's MOTION TO DISMISS , because contrary to the respondent's position, the petitioner's petition for writ of habeas corpus does present claim[s] arising under federal law; there are claims under the Fourteenth Amendment Due Process and Equal Protection Clauses; Fifth Amendment Double Jeopardy Clause; and the Ex Post Facto Clause, Art. 1, sec. 10, cl.1. all of which were raised and presented by the petitioner in his petition for writ of habeas corpus and not addressed by the respondent.

Also contrary to the respondent's position, Federal Habeas relief is in fact available to review violations of state law when such violations are of a "Constitutional magnitude", Davis v. strack, 270 F3d 111,132(2nd Cir.2001). Also see e.g., Hicks v. Oklahoma, 447 US 343,346(1980)(Where the state creates a liberty interest, however, it is not correct to say that the question is "merely a matter of state procedural law"); ("[T]he failure of a state to abide by its own statutory commands may implicate a liberty interest protected by the Fourteenth Amendment against arbitrary deprivation by the state." Fetterly v. Paskett, 997 F2d 1295, 1300(9th Cir.1993), cert denied, 513 US 914(1999). Accord Lambright v. stewart, 167 F3d 477, 482(9th Cir.1999); Ballard v. Estelle, 937 F2d 453,456(9th Cir.1991).

See also, Wisconsin v. Mitchell, 508 US 476,483(1983)(on Supreme Court's direct review of state court judgment, "[t]here is no doubt that we are bound by a state court's construction of a state statute"). An exception to this rule applies when there is "reason to suspect that federal rights are being improperly obstructed" by the state courts through its interpretation or reinterpretation of state law. Sanderson v. Rice 777 F2d 902,904(4th Cir.1985). cert. denied, 475 US 1027 (1986)(citing authority) Accord, e,g., Peltier v. Wright, 15 F3d 860,862(1994) ("we are bound by the state's construction [of state law] except when it appears that its interpretation is an obvious subterfuge to evade the consideration of a federal issue"); Hernandez v. Ylst, 930 F2d 714,719(9th Cir.1991)("[F]ederal Courts sitting in habeas can and will review an application of state law for alleged constitutional violations."); Hicks v. Oklahoma, 447 US 343,346(1980);see also, McQuery v. Blodgett, 924 F2d 829,831(9th Cir.1991)("The writ of habeas corpus exist precisely to allow Federally Based challenges to state law")(emphasis added).

The Petitioner also raised several federal constitutional claims in his brief to the Supreme Judicial Court of Massachusetts, none of which were adjudicated on the merits, or even addressed. Thus warranting federal habeas review. See e.g., Norton v. Spencer, 351 F3d 1 (1st Cir.2003)(if habeas claim was not adjudicated on the merits in a state court proceeding, then the issue is reviewed de novo by the habeas court); Fryar v. Bissonnette, 318 F3d 339(1st Cir.2003)(Federal Habeas Court reviews federal claims presented to, but not addressed by, state courts de novo); Restucci v. Spencer, 249 F.Supp.2d 33)(D.Mass.2003)(when the state court does not address an issue fairly presented, the habeas court reviews the issue de novo).

### M.G.L.C.127 §129 CREATES AN ENTITLEMENT TO GOOD TIME CREDITS AND M.G.L.C.127 §129C &129D CREATE AN ENTITLEMENT TO THE AGGREGATION OF THE PETITIONERS SENTENCES TO DETERMINE A MAXIUM DATE FROM WHICH ALL GOOD TIME AWARDED MUST BE DEDUCTED

The Commonwealth argues that M.G.L.c.127 §129 does not create an entitlement to statutory good time credits, thus the Petitioner has stated no cognizable Federal Claim. (Resp. Motion to Dismiss Pg.5). This is absolutely and fundamentally wrong.

Not only does M.G.L.c.127 §129 create an entitlement to good time credits, but moreover, M.G.L.c.127 §§129C,129D, create an entitlement to the aggregation of the Petitioner's Sentences to determine the maximum date that the Petitioner may be held under all his Sentences from which all good time credits awarded under §129,§129C & 129D, must be deducted. The Commonwealth makes no mentioning of **§129C & 129D**, all 3 statutes (129,129C &129D) create a statutory scheme that must be followed by the State, unless revoked **with** the protections of the Due Process Clause.

In <u>Superintendent, MCI Walpole v. Hill</u>, 472 US 445 (1985), the United States Supreme Court recognized and noted that "Massachusetts law creates a liberty interest in good time credits". Id at 453. In <u>Nelson v. Comm. of Correction</u>, 390 Mass. 379 (1983), the Court relying on the principles setforth in <u>Wolff v. McDonnell</u>, 418 US 539(1974), held that the State of Massachusetts had created a liberty interest in the language of the laws that govern the calculation and deduction from sentences; M.G.L.c. 127 §§ 129,129C,129D, that is "protected by the due process guarantees of the United States Constitution". Id at 389. In <u>Lameroux v. Supt., MCI Walpole</u>, 390 Mass. 409(1983), the Court reaffirmed that Massachusetts "good time credits involve a state-created liberty interest that is protected by the due process clause of the Fourteenth Amendment to the United States Constitution". ID at 413-14.

The Law is clear that the Petitioner has a protected liberty interest in the laws of Massachusetts that govern the calculation and deduction of credits from the Petitioner's Sentences, that the Respondent cannot revoke without due process of law.

3

## THE PETITIONER'S 7-12 YEAR SENTENCE
## IS ELIGIBLE FOR GOOD-TIME CREDITS

The Respondent is under the assumption that the Petitioner's 7-12 year sentence of imprisonment is inelgible to receive Good-Time Credits. (Resp.Mot.To Dism.pg.5fn.6). This assumption is without any merit and fundamentally wrong.

The statute that the Petitioner was convicted and sentenced under clearly states in an unambiguous manner, that any and all credits the petitioner has been awarded can be applied to any sentence imposed under its provisions. This same argument is setforth more fully in the Petitioner's Petition for Writ of Habeas Corpus currently before this Court. Simply said, when a statute prohibits the application of credits, the statute will explicitly state such prohibitation. The statute the Petitioner was convicted under; G.L.c. 265 §19, explicitly allows any credits, contrary to the Respondent's assumption that credits are not allowed but prohibited. Cf. G.L.c. 265 §§ 18(a),19(a),269 §10(a), all of which limits "any deduction...for good conduct". Also see Rodriguez v. Superintendent, Northeastern Corr., 24 Mass.App.Ct. 481 (1983).

The Petitioner was awarded as a matter of law and right 1500 days of good-time credits, the Respondent refuses to apply said credits to the maximum term of the Petitioner's sentences as the law requires. The law is clear that the Petitioner has a protected liberty interest in said credits and the application of such, that the Respondent cannot revoke without due process of law, thus the Respondent's actions are clearly violating the Petitioner's Constitutional Rights that are in fact cognizable in this Federal forum.

4

For the reasons stated above and the reasons stated in the accompanying memorandum of law, petitioner respectfully request that this motion be allowed, and that his petition for writ of habeas corpus be sustained.

Dated 3-16-05

CHARLES RAMPINO PRO SE

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above motion and accompanying memo of law was served on the Respondents Counsel at the following address: David M. Lieber, AAG, One Ashburton place, Boston, Ma 02108, by pre-paid first class mail on this 16th day of March in the year 2005.

CHARLES RAMPINO