UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES RAMPINO,           ) | |
| )  | |
| Petitioner,         ) | |
| v.                                      ) | CIVIL ACTION |
| )  | NO.  04-12033-PBS |
| BERNARD BRADY,          ) | |
| )  | |
| Respondent.        ) | |

# REPORT AND RECOMMENDATION ON
# RESPONDENT'S MOTION TO DISMISS

August 22, 2005

DEIN, U.S.M.J.

## I.  INTRODUCTION

On May 2, 1995, Charles Rampino ("Rampino" or the "Petitioner") was convicted of two crimes: assault and battery with a dangerous weapon, arising out of events which transpired on March 24, 1994, and robbery, which conviction was based on events which occurred on July 14, 1994.  Although sentenced separately for these crimes, he has been serving the two sentences concurrently as a twelve-year sentence.

By his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241, Rampino contends that he has been wrongfully deprived of good-time credits to which he is entitled under state law, and that his Fourteenth Amendment rights have been violated by his wrongful imprisonment beyond the term imposed by the sentencing court.  Speci

fically, Rampino challenges the conclusion of the Massachusetts Supreme Judicial Court ("SJC") that the good-time credits provided in Mass. Gen. Laws ch. 127, § 129, which was repealed on July 1, 1994, applied only to his assault and battery sentence and not to his sentence for robbery, since the robbery occurred after the statute had been repealed. See Rampino v. Superintendent, Old Colony Correctional Center, 442 Mass. 1028, 814 N.E.2d 1094 (2004) (rescript).

This matter is presently before the court on the Respondent's Motion to Dismiss (Docket No. 14). Therein, the Department of Correction ("DOC" or "Respondent") seeks dismissal on the grounds that the petition raises only an issue of state law, for which federal habeas relief is not available. This court agrees, and, for the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the Motion to Dismiss (Docket No. 14) be ALLOWED.

## II. STATEMENT OF FACTS[1]

The following discussion is limited to the facts relevant to the Motion to Dismiss.

On May 2, 1995, Rampino was convicted of two crimes which occurred at separate times. The first, assault and battery with a dangerous weapon in violation of

---

[1] References to "Supp. App." are to the Corrected Supplemental Appendix filed by the Respondent at Docket No. 25. Rampino's Petition for Writ of Habeas Corpus by a Person in State Custody (Docket No. 1) shall be cited as "Pet."; his Memorandum in Support of Issuance of Writ of Habeas Corpus (Docket No. 2) shall be cited as "Pet. Mem."; and his Opposition to Motion to Dismiss (Docket No. 28) shall be cited as "Pet. Opp." The Respondent's Memorandum of Law in Support of Respondent's Motion to Dismiss (Docket No. 15) shall be cited as "Resp. Mem."

Mass. Gen. Laws ch. 265, § 15A, occurred on March 24, 1994. Rampino was sentenced to a prison term of five-to-ten years for this offense. (See Supp. App. Ex. F at 6). The second conviction was for robbery in violation of Mass. Gen. Laws ch. 265, § 19, which occurred on July 14, 1994. Rampino was sentenced to a seven-to-twelve year term of imprisonment for that offense. (See id.). The two sentences were to be served concurrently, commencing on November 30, 1994 and concluding twelve years later on November 29, 2006. (Pet. at ¶ 3).

## The Statutory Scheme

Rampino contends that his sentences should be "aggregated" and basically treated as one twelve-year sentence, that the "good time credit" once provided by Mass. Gen. Laws ch. 127, § 129[2] should be applied to that sentence, and that his release date should have been February 21, 2002. (See Pet. at ¶¶ 4-19). The SJC held otherwise, and concluded that the good time credit only applied to the earlier assault and battery conviction, and that Rampino cannot apply such credits to his sentence for robbery. Rampino, 442 Mass. at 1028, 814 N.E.2d at 1095-96. The relevant facts are as follows.

---

[2] The petitioner also cites to Mass. Gen. Laws ch. 127, §§ 129C and 129D, which provide that a prisoner may earn certain credits for participation in institutional programs. These "earned credit" statutes were not repealed and remain in effect. It appears that Rampino has received the credits due under these statutes (with a minor discrepancy not at issue here), and the earned credits have been applied to his twelve- year sentence. See Resp. Mem. at 4, note 5. Thus, the state courts only addressed Rampino's claims of entitlement to credits under § 129, and this court will limit its analysis to § 129 as well. This court does acknowledge Rampino's argument, however, that the entire statutory scheme should have been read together to determine whether he was entitled to apply the 1500 days of good time credit he earned under § 129 to his twelve-year sentence.

Prior to its repeal, Mass. Gen. Laws ch. 127, § 129 provided that every prisoner serving a sentence greater than four months "whose record of conduct shows that he has faithfully observed all the rules of his place of confinement, and has not been subjected to punishment, shall be entitled to have the term of his imprisonment reduced by a deduction from the maximum term for which he may be held under his sentence or sentences, which shall be determined as follows . . . ."[3] Mass. Gen. Laws ch. 127, § 129 was repealed effective July 1, 1994 by the Truth in Sentencing Act, St. 1993, ch. 432, § 10.[4] The repealing statute also provides that "[n]otwithstanding any other provision of this act, the law in effect at the time an offense is committed shall govern sentencing for said offense." St. 1993, ch. 432, § 21. Since the robbery occurred after § 129 was repealed, it would not have applied to that conviction if that was the only sentence involved. Nevertheless, Rampino contends that since he was sentenced concurrently, the good time credits should be applied to the twelve-year sentence.

## Prior Proceedings

The prior proceedings are complicated, and will be summarized here only briefly. On March 14, 2003, Rampino filed a petition for a writ of habeas corpus in Suffolk Superior Court challenging the term of his commitment. (Supp. App. Ex. F at 1-3). The

---

[3] A copy of the statute is included in Supp. App. Ex. C at Addendum at 3-5.

[4] A copy of the statute is included in Supp. App. Ex. C at Addendum at 13-24.

DOC moved to dismiss, and that motion was allowed on August 7, 2003. (Id. at 3). As the Superior Court judge ruled, the Truth in Sentencing Act "clearly expressed the legislature's intention to abolish statutory good time for offenses committed after its effective date. The result the petitioner seeks would thwart that intention, and is not required by any statute in effect." (Id. at 5). Although Rampino appealed this ruling, there is no record of any resolution. See Rampino, 442 Mass. at 1028 n.1, 814 N.E.2d at 1095 n.1.

Meanwhile, before the Superior Court decision, Rampino filed another habeas corpus petition with a Single Justice of the SJC. That petition was denied without hearing on July 3, 2003. (Supp. App. Ex. D at 27). That decision was appealed to the full bench, and in its opinion dated September 20, 2004, which forms the basis of the instant habeas petition, the SJC affirmed the denial of the petition. As the SJC held:

> Although Rampino was given concurrent sentences, the sentences remain distinct. As we stated in *Reynolds v. Superintendent, Old Colony Correctional Ctr.*, 442 Mass. 1007, 1008, 809 N.E.2d 1051 (2004), "separate sentences must be calculated independently. Whenever, as here, a sentence on a charge that does not qualify for good time is being served concurrently with a sentence on a separate charge that does qualify, it may turn out that good time is of no practical benefit to the petitioner.... [A]s it accrues, good time is applied to any eligible sentence being served–it is not held in reserve for application with the benefit of hindsight so as to obtain maximum over-all reduction in total incarcerated time." *Id.* at 1008-1009, 809 N.E.2d 1051.

> Because there is no dispute that Rampino has not completed service of the sentence for which statutory good time credits are not permitted, he is not entitled to immediate release. We therefore affirm the order denying the petition for habeas corpus relief. *Pina v. Superintendent, Mass. Correctional Inst., Walpole*, 376 Mass. 659, 664-665, 382 N.E.2d 1079 (1978).

Rampino, 442 Mass. at 1028-29, 814 N.E.2d at 1095-96.

On July 14, 2003, while the State court proceedings were underway, Rampino filed a petition for a writ of habeas corpus is this court. (Civil Action No. 03-11310-PBS, Docket No. 1). The petition was dismissed on October 20, 2003 for failure to exhaust administrative remedies, and Rampino was denied a certificate of appealability. (Id. at 10/20/03 entry and Docket No. 39). After appealing the Single Justice's decision to the full bench, and receiving the decision of the SJC, the Petitioner filed the instant petition on September 21, 2004.

### III.  ANALYSIS

####   A.  Standard of Review

Petitioner contends that the SJC incorrectly construed the applicability of Mass. Gen. Laws ch. 127, § 129, and that, by so doing, deprived him of his constitutional rights and violated the prohibition against the enactment of *ex post facto* laws. The question whether the SJC correctly interpreted the statute is not properly considered in a federal court's habeas review of the state court conviction. The law is clear "that it is not the province of a federal habeas court to reexamine state-court determinations on state-law

questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480, 116 L. Ed. 2d 385 (1991). Consequently, this court will not engage in the statutory analysis undertaken by the Petitioner which led him to the conclusion that the SJC's decision was wrong. Rather, the question before this court is whether the SJC's statutory interpretation resulted in a violation of Rampino's federal constitutional rights. See Hamm v. Latessa, 72 F.3d 947, 954 (1st Cir. 1995) ("The rule, then, is that a federal habeas court will not disturb the state courts' construction or application of state law unless it can be shown that such construction or application offends the Constitution or some (applicable) federal statute."), cert. denied, 519 U.S. 856, 117 S. Ct. 154, 136 L. Ed. 2d 99 (1996). As detailed below, this court concludes that there was no such constitutional violation.

### B.     Due Process Rights.

Rampino's principle argument is that he had a liberty interest in his good time credits, and that his right to these credits were revoked in violation of his Fourteenth Amendment rights to Due Process. (See Pet. Mem. at 2). While Rampino may be correct that prisoners have a liberty interest in the good time credits defined by Mass. Gen. Laws ch. 127, § 129, this court is bound by the SJC decision that Rampino never obtained such credits in connection with his sentence for robbery, since the statute had been repealed by the time the crime was committed. "While the question of whether a state law creates a liberty interest protected by the Due Process Clause is clearly one of federal

constitutional law, the preliminary question of parsing the state law to determine its substance is not within the primary domain of a federal habeas court. . . . Federal courts are bound by a State's interpretation of its own statute." Hamm, 72 F.3d at 954 (internal quotations and citations omitted). Thus, Rampino was not wrongfully deprived of credits which he never acquired.

It is beyond dispute "that the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison." Wolff v. McDonnell, 418 U.S. 539, 557, 94 S. Ct. 2963, 2975, 41 L. Ed. 2d 935 (1974). Rather, a state is to free "to create, or not, a right to a shortened prison sentence through the accumulation of credits for good behavior[.]" Id. Where a state elects to create such a right, and itself recognizes "that its deprivation is a sanction authorized for major misconduct, the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment 'liberty' to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." Id. The Massachusetts courts have interpreted Mass. Gen. Laws ch. 127, § 129 as creating a liberty interest in the good time credits provided by that statute. See Superintendent, MCI Walpole v. Hill, 472 U.S. 445, 453, 105 S. Ct. 2768, 2773, 86 L. Ed. 2d 356 (1985) (citing Nelson v. Commissioner of Correction, 390 Mass. 379, 456 N.E.2d 1100 (1983)).

Nevertheless, the Massachusetts Legislature was free to repeal the statutory good time credits, as they were not constitutionally mandated. This is not a situation where the

state canceled the credits after they had been awarded.  See, e.g., Lynce v. Mathis, 519 U.S. 433, 117 S. Ct. 891, 137 L. Ed. 2d 63 (1997) (statute canceling credits for certain classes of offenders after they had been awarded, and after prisoners had been released from custody, violates the ex post facto clause of the Federal Constitution).  Rather, the statute and the credits simply did not apply to the crime committed after July 1, 1994.  Consequently, Rampino's claim that the SJC's analysis resulted a due process violation fails, and does not warrant the issuance of a habeas petition.

    C.    **Ex Post Facto Law**

Rampino next argues that the SJC decision results in an *ex post facto* law.  (See Pet. Opp. at 12-14).  This argument is also unavailing.

The prohibition against the enactment of any *ex post facto* law found in Article 1, § 10 of the Constitution "has been interpreted to forbid the enactment of 'any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed. . . .'"  Hamm, 72 F.3d at 956, (quoting Beazell v. Ohio, 269 U.S. 167, 169-70, 46 S. Ct. 68, 68, 70 L. Ed. 216 (1925)).  "To fall within the *ex post facto* prohibition, a law must be retrospective – that is, it must apply to events occurring before its enactment[.]"  Lynce, 519 U.S. at 441, 117 S. Ct. at 896 (internal quotations and citation omitted).  In the instant case, Rampino committed the crime of

robbery after the statute repealing ch. 127, § 129 was enacted.  Thus, the SJC's decision and the repeal of the statute did not violate Rampino's constitutional rights.

### E.     Equal Protection

Rampino also contends that by treating concurrent and consecutive sentences differently, there has been a violation of his equal protection rights.  (See Pet. Opp. at 15).  This argument, too, is without merit.  As the SJC held, "[a]lthough Rampino was given concurrent sentences, the sentences remain distinct." Rampino. 442 Mass. at 1028, 814 N.E.2d at 1095.  Rampino is being treated the same as all prisoners who committed a crime after July 1, 1994.  Rampino's statutory interpretation would result in the unsupportable situation where an individual who committed a crime after July 1, 1994 would serve a lesser sentence because he also happened to commit a crime before that date.  There is no constitutional basis for this result.

## IV.  CONCLUSION

For all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the Motion to Dismiss (Docket No. 14) be ALLOWED.[5]

                                                   / s / Judith Gail Dein
                                                  Judith Gail Dein
                                                  United States Magistrate Judge

---

[5]  The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review.  See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985).  Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).