UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04-CV-12033-PBS

CHARLES RAMPINO,
        PETITIONER,

V.

BERNARD BRADY,
        RESPONDENT.

PETITIONER'S OBJECTIONS
TO
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pursuant to Fed.R.Civ.P.72, the petitioner (Rampino) submits the following objections to the magistrate judge's report and recommendations, issued on August 22, 2005.

The petitioner objects to to the findings of the Report and Recommendation (R&R) at page 3; "The Statutory Scheme" for the following reasons; The petitioner contends that the foundation of his constitutional claims are based on M.G.L.c.127 §§ 129C,129D, and the SJC's decision not to address them even though they were properly presented to that court. The R&R also does not address them and noted such, see R&R page 3 note 2.

The petitioner objects to the R&R finding at page 6; The A. STANDARD OF REVIEW, this objection is based on the fact that it is the petitioner's belief that this court can engage in the statutory analysis undertaken by him which led him to the conclusion that the SJC's decision was wrong due to the fact that the constitutional claims regarding the statutory analysis were in fact presented to the SJC and not addressed, thus warranting federal habeas review, see Norton v. spencer, 351 F3d 1, (1 Cir 2003); fryar v. Bissonette, 318 F3d 339(1 Cir 2003); Restucci v. Spencer, 249 F.Supp 2d 33(D.Mass 2003);see also the Petitioner's Opposition to Motion To Dismiss at pages 1-2.

The petitioner objects to the R&R finding that his due process rights were not violated, R&R at page 7. The R&R states that "this court is bound by the SJC decision that Rampino never obtained such credits..." the petitioner contends this court is not bound by the SJC decision and refers the court to his MEMO Of LAW in support of his OPPOSTION TO MOTION TO DISMISS at pages 3-8, which setsforth his argument in support of this objection.

The petitioner objects to the R&R finding that the SJC decision does not result in an ex post facto law. R&R at page 9. The petitioner was awarded as a matter of right 1500 days of good-time credits, 2 statutes currently in effect, M.G.L.c.127 §§ 129C & 129D, mandate that such credits must be deducted from the petitioners maximum term of imprisonment, the SJC is basically saying the Truth in Sentencing Act cancels this out, thus applying to events occuring before its enactment and disadvantaging to the petitioner in clear violation of the United States Constition.

The petition objects to the R&R finding that his Equal Protection Rights were not violated, R&R at page 10. The petitioner refers this court to court to his equal protection argument setforth in his Memo Of Law in support of his OPPOSITION TO MOTION TO DISMISS at page 15, and to the cases cited therein.

CONCLUSION

The petitioner contends if the SJC properly reviewed all the constitutional claims he presented in his brief to that court and if the SJC properly followed their past precedent case law, he would of prevailed on his habeas claim presented to that court.  The petitioner incorporates his Petition For Writ Of Habeas Corpus and supporting Memorandum of Law in this objection to the R&R and hopes this court will review all papers filed in this action in its final decision.

8-28-05

CHARLES RAMPINO PRO SE

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above objections to the Judge Magistrates Report and Recommendation was seved on the Respondent's Counsel at the following address: David M. Lieber, AAG, One Ashburton Place, Boston, Ma. 02108, by pre-paid first class mail on this 28th day of August in the year 2005.

_____
CHARLES RAMPINO PRO SE